Alexander et al. vs. Bourdier and Bellesein.

---

## No. 10,823.

JOHN B. ALEXANDER ET AL. VS. BOURDIER & BELLESEIN.

D. D. AVERY ET AL. CALLED IN WARRANTY.

| 43 | 321 |
|----|-----|
| 51 | 123 |
| 43 | 321 |
| 112 | 488 |

The doctrine of estoppel as applied in the case of Marsh vs. Smith, 9 R. 523, and Lippmins vs. McCranie, 30 An. 1252, reaffirmed.

Property situated in one parish may be sold in a succession case in another parish by the sheriff of the parish where the succession is opened, under the order of the parish court.

The addition to the name of a party, such as tutor, in the the transferring clause of a sheriff's deed when it is manifestly a clerical error, in no way warranted by the suit, judgment *fi. fa.*, or any proceeding in the case, is without effect and can not destroy the deed which intended to transfer the individual interest of the defendant in execution.

21

Alexander et al. vs. Bourdier & Bellesein.

APPEAL from the Nineteenth District Court, Parish of St. Mary. *Allen, J.*

### *Todd & Todd* for Plaintiffs and Appellants:

1. Parol evidence of the admissions of a party weakest of all evidence. When such party is dead, unless parol evidence of his admissions, acts, agreements, etc., urged against him are corroborated, and it depends solely upon the testimony of one witness, it will generally be disregarded. Bringier vs. Gordon, 14 An. 274; Bodenheimer vs. Executor, 35 An. 1005; Succession Townsend, 40 An. 66; Foote vs. Goodwin, 42 An. 521; 117 U. S. R. 580. This principle and these authorities acquire a controlling and conclusive force when applied to the uncorroborated testimony of a party to the suit, as to the declaration of a deceased person, whose rights or those of his heirs he is seeking to defeat.

2. Parol evidence of a waiver or ratification of a sale of real estate or of verbal admissions and declarations, offered to affect the title to real estate, are inadmissible even when offered to establish an estoppel. Bigelow on Estoppel, 104 U. S. R.; 106 U. S. R.

3. Judicial estoppel and estoppel *in pais* different. The former has regard to the good faith parties should exhibit before a court of justice. The judicial declarations of litigants must be consistent and harmonious. 30 An. 1041. Whilst to establish the latter estoppel *in pais:*
    (a) "There must be a false representation of material facts.
    (b) The party to whom it was made must have been ignorant of the truth of the matter.
    (c) It must be made with the intention that the other party should act upon it.
    (d) The other party must have been thereby induced to act upon it.
    (e) He must have been induced to change his previous position." Bige. 569.
    (f) He must have been misled. Bige. Estoppel, pp. 453, 569-70; 2 An. 759; 6 An. 377; 12 An. 681.
    Standing by in silence will not bar a man from asserting a title of record. Bige. Estoppel, p. 594; 50 Ark. 116; 70 Maine, 116; 30 Ark. 407; 55 Miss. 255; 50 Wis. 232; 16 Penn. St. 357; 19 An. 158.

4. Plaintiffs are forced heirs, and to the extent of their legitime have all rights of creditors, and to that extent can not be any more than creditors, be affected by acts, declarations, etc., of their father, even though such acts and declarations might estop him.

5. An absolute nullity can not be ratified nor cured even by an estoppel. 32 An. 1008.

### *Weeks & Weeks* and *Foster & Mentz* on the same side:

It is settled that the question as to what was sold by the sheriff under a judicial order, or writ, must be determined by the transferring clause in sheriff's deed. 34 An. 423; Id. 100.

Where a judgment is rendered against an estate represented by a tutor of minors, and against said tutor individually, and a *fi. fa.* issues on said judgment, and the sheriff's deed recites only the transfer and adjudication of the interest and demand of the tutor in the property seized, there is no sale and adjudication of the individual property of the persons acting as tutor.

Alexander et al. vs. Bourdier & Bellesein.

The Probate Court of the parish of Iberia had no jurisdiction to order the partition of real estate situated in the parish of St. Mary, especially when the proceedings leading up to the sale show that the succession was not the owner of the property.

Where the succession is only one of several co-owners, the property can not be partitioned by the Probate Court. Such a partition is not a probate matter. 30 An. 1337; Id. 182; Id. 10, 1032; Id. 140; 31 An. 506; 34 An. 1218.

*D. Caffery* for Defendants and Appellees.

*Farrar, Jonas & Kruttschnitt* for the Warrantors:

1. Upon the facts of this case defendant's title is good.
2. If a man stands by and is silent while his own property is sold, and suffers another to become the purchaser, he is estopped from disputing the title of such purchaser. Marsh vs. Smith, 5 Rob. 523; Lippmins vs. McCranie, 30 An. 1252.
3. The title of defendants to one-eighth of the plantation out of the one-third alleged to have been derived from T. S. Alexander is perfect by the prescription of ten years. This would leave only five-twenty-fourths open to attack, if the grounds of attack be considered good.
4. The title of defendants to one-third of one-third of the plantation is perfect, under the sheriff's sale of 1869, under the plaintiff's own showing, unless the court should hold the deed to be absolutely worthless. This would reduce the five-twenty-fourths open to attack to two-thirds of five-twenty-fourths, equal to five-thirty-sixths.
5. Even if plaintiffs be successful, defendants would not, at least at present, be entitled to any judgment against parties called in warranty.

The opinion of the court was delivered by

McENERY, J. The plaintiffs, heirs of T. S. Alexander, brought this petitory action to recover possession as owners of one-third of the Waveland plantation, situated in the parish of St. Mary.

The plaintiffs allege that their father, T. S. Alexander, was the owner of one undivided third of said plantation and that he was never divested of title thereto.

Defendants claim title to the whole of said plantation by purchase at a probate sale of property belonging to the succession of Mrs. Louisa Avery, on the 23rd day of September, 1875.

They allege that Mrs. Avery acquired title to one-third of said property, the interest of T. S. Alexander, at sheriff's sale, in November, 1869, made under execution of the judgment of Jno. M. Vaughn, co-tutor, vs. F. D. Richardson, testamentary executor, et als. And that Mrs. Avery acquired the other two-thirds of said plantation at

an administrator's sale of the estate of Mary Alexander, on the 15th November, 1869.

The defendants also plead an estoppel to any claim of the heirs of T. S. Alexander to any portion of said plantation because of the several acts and declarations and silence of their father in relation to the sale of said property, said acts and conduct being of that character which induced the plaintiffs to believe that he had no interest in the plantation and they were thereafter estopped from disputing the title of plaintiffs.

In 1861, Mary Rebecca Alexander, widow of D. D. Richardson, and Theodore S. Alexander, bought at the probate sale of the effects of the estate of David D. and Edward M. Richardson, the whole of Waveland plantation for the price of $103,000; $83,000 of which was on credit, represented by notes secured by mortgage and vendor's privilege. Mrs. Rebecca Alexander became the owner of two undivided thirds, and Theodore Alexander of the other undivided third. Each party executed notes in proportion for the part of the plantation owned by him.

Mrs. Mary Rebecca Alexander died.

Theo. S. Alexander qualified as tutor of her minor children (the father also having died), Kate and Lizzie Richardson.

J. M. Vaughn, co-tutor of the children of Edward M. Richardson, held some of the notes given for the purchase price of the plantation by Mrs. Mary Rebecca Richardson and Theo. S. Alexander.

John M. Vaughn, co-tutor, and wife, brought suit on the notes held by them. All parties in interest were made defendants. The Waveland plantation was fully and accurately described. Its sale was prayed for and the mortgage and vendor's privilege thereon asked to be recognized.

The prayer of the petition is as follows: " Petitioners pray that the said Francis D. Richardson, testamentary executor of the last will and testament of Edward M. Richardson, deceased, Theodore S. Alexander in his own right and individual capacity and as dative tutor of Kate and Lizzie H. Richardson, Louise Richardson, wife of Dudley Avery and the said Avery be duly cited to appear and answer this petition, that thereafter the premises considered, they be condemned and adjudged to pay to your petitioners the aforesaid sum of $24,538.65 with interest thereon at the rate of 8 per cent. per annum on $4,907.73 from February 1, 1861, like interest on like amount from

1st February, 1862, and on like amount from 1st February, 1863, and like amount from 1st February, 1864, and like amount from 1st February, 1865.

The said Francis D. Richardson as indorser and executor, in his latter capacity in the whole amount and interest, the said Theodore Alexander in his individual capacity in the sum of $8,174.53 and as dative tutor of Kate and Lizzie H. Richardson, $10,963, with interest as above specified in equal proportions to the whole amounts of the notes, and the said Louise Richardson, wife of Dudley Avery, in the sum of $5,453.63⅓ with interest and in proportion as prayed for against Theodore Alexander, tutor."

The prayer concludes for a recognition of the mortgage and vendor's privilege and for an order for the sale of the property to satisfy the same.

Answers were filed by all parties to this suit, and the contest seems to have been vigorously waged.

The judgment rendered in the case was as follows:

"It is ordered adjudged and decreed that said plaintiff do recover from the estate of Mary R. Richardson, deceased widow of D. D. Richardson and from Theodore S. Alexander, personally, the sum of $10,324 with 8 per cent. per annum thereon as follows, to-wit: On one-fifth of said amount from the 1st of February, 1861, on another fifth from the 1st of February, 1862, on another fifth from the 1st of February, 1863, and another fifth from the 1st of February, 1865, said amounts to be recovered from the defendants in the following proportions from the estate of Mary R. Richardson two-thirds of said amount and the other third from Theodore Alexander. It is further ordered that plaintiffs' mortgage and privilege take effect from the the 1st of February, 1859, on the undivided third of the property on that day sold by the sheriff of the parish of St. Mary, and which heretofore belonged to the estate of Edward M. Richardson, deceased."

The *fi. fa.* and the sheriff's return thereon are lost. The sheriff kept the *fi. fa.* until 1875, when he returned it.

But it is a fact that a *fi. fa.* issued, and by the advertisement offered in evidence, it is shown that one-third of the property was seized, and the sheriff's deed shows that one-third of the plantation was adjudicated to Louise M. Richardson, wife of Dudley Avery.

All parties who had any right, title, claim or interest in said property were parties to the above suit. They were concluded by the

judgment. The heirs of Mary Rebecca Richardson and Theodore S. Alexander owned the plantation in indivision. If one-third of it was sold they lost all right or title to that third. Two-thirds of the plantation remained. The plaintiffs, therefore, have no right to one-third of the plantation. They could only claim, if they had any title, one undivided third interest in the remaining two-thirds. But what became of this remaining two-thirds interest of the plantation? It was sold in November, 1869, at the succession sale of Mrs. Mary Rebecca Richardson, and purchased by Mrs. Avery. Theodore S. Alexander was a witness to the act of sale to Mrs. Louise Richardson.

Theodore S. Alexander evidently construed the effect of the first sale as having divested him of all title or interest in said plantation. He was the uncle of Mrs. Louise M. Richardson. After the two sales and the final adjudication of the property to her she went into possession of the whole place. Theodore Alexander acted as her agent, collected rents for her, and accounted to her husband for the same. He permitted the entire property to be assesed in her name for six years. She paid the taxes on the plantation during this time. At her death he permitted it to be inventoried as her property, and made no opposition to its sale as a part of her succession effects. Before leaving the premises he delivered certain plats or maps of the plantation to the defendants as part of the muniments of title to the property.

These several acts of the plaintiffs' father and his silence for so many years, permitting the property to be sold under several decrees without asserting title, effectually estop them from claiming title to any part of said Waveland plantation. Marsh vs. Smith, 5 R. 518; Lippmins vs. McCranie, 30 An. 1251.

It is evident that the word tutor, in the transferring clause of the deed, placed after Theodore S. Alexander's name, was a clerical error. The suit, the judgment, the seizure, show that it is a misdescription and can have no possible effect.

Mrs. Louise M. Richardson's (Mrs. Dudley Avery) succession was opened in the parish of Iberia. The order for the sale was obtained there. The property was situated in St. Mary parish when it was sold by the administrator.

This did not render the sale null and void.

In the case of Julia Pierce, 9 M. 461; Chaney, Admr. vs. Gray, 7 R. 144.

Judgment affirmed.