(36 South. 502.)

No. 14,891.

SICARD et al. v. GUMBEL.*

(March 28, 1904.)

HUSBAND AND WIFE—COMMUNITY PROPERTY—SALE TO PAY DEBTS—ESTOPPEL—JUDICIAL SALES—PRESCRIPTION.

1. Where, after the death of the husband, community property is sold for taxes, and is reconveyed by the tax purchaser to the widow, by a deed which recites that it formerly belonged to her (not to her husband or to the community), no change is effected in the equitable title as between the widow and heirs of the husband, but the legal title vests in the widow; and where, upon her death, at the instance of a creditor (a third person without notice), the property is inventoried as belonging to her succession, and sold by order of court to pay her debts, the proceedings, order, and sale are not absolute nullities, and the adjudicatee (also a third person without notice) is not a purchaser in bad faith with respect to the equitable title of the heirs of the predeceased husband, and his title cannot be attacked in advance of a direct action to annul the proceedings and judgment under which the property was sold.

2. Where, in such case, the creditor files a petition in which he specifies the property as belonging to the succession of the widow, announces his purpose to have it sold to pay her debts, causes the petition to be served upon the heirs, and cites them to make objection, if any they have, and, the heirs making no appearance, judgment is entered against them, they are estopped to assert, after the lapse of years, as against a purchaser, who thereafter bought at a sale made by the administrator under order of court, that the property belonged in part to the succession of their father, though such estoppel does not apply to minors.

3. Attacks upon public sales, for informalities connected with or growing out of the same, are barred by the prescription of five years.

(Syllabus by the Court.)

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupée; E. B. Talbot, Judge.

Action by H. C. Sicard and others against Ferdinand Gumbel. Judgment for plaintiffs, and defendant appeals. Modified.

Albin Provosty, for appellant. Laycock & Beale, for appellees.

*Rehearing denied April 25, 1904.

Statement of the Case.

MONROE, J. This is a petitory action brought by six of the seven children and heirs to recover their interest in a tract of land which at one time belonged to the community existing between F. M. Sicard and Emma Sicard, his wife. The defendant, by way of exception, pleads the prescription of five and ten years, and that his title cannot be attacked collaterally, estoppel, and want of tender of the purchase price, and, for answer, sets up title in himself under a sale made·in the succession of Mrs. Emma Sicard, and alleges that he is a possessor in good faith. In the event of his eviction, he prays judgment in reconvention for the purchase price and taxes paid by him, and for money disbursed in improving the property. There was judgment for the plaintiffs for six-fourteenths of the property, and for the defendant for six-fourteenths of the money disbursed by him in excess of the revenues; also authorizing him to hold the property until the balance due him shall have been paid.

It appears from the evidence in the record that the land in dispute consists of two tracts, aggregating 195.74 acres, on Bayou Gross Tete, in the parish of Pointe Coupée, which were acquired by F. M. Sicard by purchase at tax sales in 1881 and 1884, respectively. The purchaser died in 1885, and it is admitted that in June, 1886, the land in question was again sold at tax sale to purchasers, who in November of the same year reconveyed it to Mrs. Widow Sicard, who in 1891 also departed this life. In 1892 W. Cobb Germany presented a petition to the district court, alleging that he was a creditor of Mrs. Sicard; that she had died owning the property in question and other property; that he had, without avail, requested her heirs to open and settle her succession; and praying that they be cited; that an inventory be made, and an administrator appointed; that he be authorized to accept the succession; and that its property be sold for the payment of its.

debts. There was also a prayer for the appointment of a curator ad hoc to represent two of the heirs who were minors, and everything was done as prayed for; that is to say, there was an order made, authorizing petitioner to accept the succession, with benefit of inventory; the curator was appointed, and citations, accompanied by copies of the petition, were served on him, as representing the minors, and on the major heirs; an inventory was taken, which included, as belonging to the succession, the property here in dispute; one Aaron Baum was appointed administrator, gave bond, and received his letters; and, some two months later, judgment by default was entered, and afterwards confirmed, against the heirs, in the following terms, to wit: "This matter coming up regularly for hearing, in confirmation of default, pursuant to previous assignment, the legal delays having expired, and the defendants, heirs of Mrs. Emma Sicard, still failing to appear, the plaintiff, W. Cobb Germany, a creditor of said succession, having fully proven his demands, it is ordered, adjudged, and decreed that said indebtedness be allowed, and that the administrator of said succession, Aaron Baum, be ordered and directed to sell all the property depending upon said succession, and to apply the proceeds to the payment of said debt, and the costs of the opening of the succession, and directed to turn over to said heirs any residue thereof."

Something over two months later, still, the administrator filed an account, showing that all the property included in the inventory had been sold, and that he had realized therefrom $275, which he proposed to disburse in paying the debt due to Germany and the costs of administration. Due notice of the filing of this account appears to have been given, and, after a month's delay, no opposition having been filed, it was homologated, and the administrator discharged. The deed to the defendant of the property here in dispute contains, inter alia, the following recitals:

"Succs. Sale. Mrs. Emma Sicard. 15 Dist. Court. State of Louisiana, Parish of Pointe Coupée. Be it known that on this, the 18th day of June A. D. 1892, I Aaron Baum, administrator of the said succession, by virtue of a commission to me directed by the Honorable the 15th Dist. Court in and for said parish and state, commanding me, said administrator, to sell at public auction, on Saturday, June 18, 1892, the following described property, to wit: * * * after due advertisement in the Pointe Coupee Democrat, a newspaper published in said parish * * * proceeded to cry said property * * * and finally adjudicated to Ferdinand Gumbel [describing the property in dispute] for the price and sum of one hundred dollars, he being the last and highest bidder," etc.

The defendant was allowed to remain in undisturbed possession from the date of the sale so made until the institution of this suit, in January, 1902.

### Opinion.

Mrs. Sicard, having been part owner, with the plaintiffs, and usufructuary, of the property in question, the reconveyance to her by the tax purchaser made no change, as between her and her co-owners, in the equitable title, and, as to their interest, she continued in possession as usufructuary. The defendant cannot, therefore, add her possession to his own for the purposes of the 10-years prescription, acquirendi causa, and without it the time had not elapsed when this suit was brought. This doctrine has, however, no necessary application to third persons dealing in good faith, without notice, with the legal title; and we are not prepared to say that the petitioning creditor and the administrator were without justification in causing the property to be inventoried as belonging to the succession of Mrs. Sicard, or that, having been so inventoried, and then sold, by order of court, to pay the debts of that succession, the proceedings were absolutely null, and the de-

fendant, who bought at the sale so ordered a purchaser in bad faith.

The petitioning creditor, the administrator, and the purchaser of the property, so far as we are informed, were strangers to the affairs of the Sicard family. The petitioning creditor found inscribed upon the public records a title from which it appeared that the property in question had been reconveyed by certain tax purchasers to Mrs. Widow Sicard as property which she (not her husband or the community) had previously owned. He thereupon filed a petition in which he specifically mentioned it as the property of her succession, and declared his purpose to have it sold in order to realize funds whereby to pay a debt due by her to himself. Copies of this petition, with citations, calling on them to answer and make objection, if any they had, were duly served on the heirs, who, however, made no appearance, but remained silent, though one of them was present at the sale. It can hardly be denied that property so held might have been legally assessed to Mrs. Sicard, since the assessors are not bound to look beyond the last title of record; and that would be equally true if it had been originally acquired in her name, during the existence of the community, with community funds. As the matter stands, the legal title, of record, under which the property was held, was vested in "Mrs. Widow Sicard," and the fact that the equitable title was vested in part in the heirs of J. M. Sicard was a matter between those heirs and the apparent owner; and the heirs, who, presumably, were better informed than any one else as to the situation, and whose duty it was to speak, remained silent when called on to do so, and allowed the administrator to sell the property to the defendant, distribute the proceeds, and obtain his discharge.

Assuming, then, the defendant to have been reasonably diligent and cautious in making inquiry before purchasing the property,

he would have found that it stood upon the records of the parish as the property of Mrs. Widow Sicard; that it had been inventoried in her succession, after formal notice to the heirs, who had interposed no objection; and that it was to be sold, by order of a court of competent jurisdiction, to pay her debts and the debts of the succession; and this, we think, must be held to have been sufficient for his present protection against the major heirs, since the complaints relative to the appointment of the administrator, the obtaining of the order of sale, the judgment against the heirs, etc., are barred by the prescription of five years, under Rev. Civ. Code 1900, art. 3543; and those heirs, having remained silent as to the other matters when they should have spoken, cannot now be heard to speak when they should remain silent. Marsh v. Smith, 5 Rob. 518; Lippmins v. McCranie, 30 La. Ann. 1251; Alexander v. Bourdier & Bellesein, 43 La. Ann. 321, 8 South. 876; Bank v. Planting & R. Co., 107 La. 656, 31 South. 1031.

Whilst the plaintiffs, who were minors when the sale in question took place, are not estopped by the silence and inaction of their curator, their complaints as to the informalities connected with the sale are equally barred by the prescription of five years; and their attack upon the sale, in so far as it is predicated upon the fact that the equitable interest of their father's succession was sold in the succession of their mother, should be first asserted in a direct action to annul the proceedings and judgment in and under which that interest was sold.

It is therefore ordered, adjudged, and decreed that, in so far as the judgment appealed from decrees the plaintiffs entitled to recover the interest in the property in dispute formerly owned by J. M. Sicard, their father, and makes an award in favor of the defendant upon his reconventional demand, the same be annulled, avoided, and reversed;

and it is now ordered, adjudged, and decreed that the demands in that respect of the plaintiffs H. Charles Sicard, Francis Anselm Sicard, Mrs. Mary B. Sicard, widow of F. Nurdin, and Mrs. Blanche Sicard, wife of Antoine Nurdin, be rejected, and that the demands in that respect of Mrs. Mary A. J. Sicard, wife of Horace Landry, and Mrs. Madeline J. Odette Sicard, wife of Nathan Schenck, be dismissed as in case of nonsuit. It is further adjudged and decreed that the reconventional demand of the defendant be likewise dismissed as in case of nonsuit. It is further ordered, adjudged, and decreed that, in other respects than as herein specified, in so far as said judgment rejects the demands of the plaintiffs, the same be affirmed, and that the plaintiffs pay all the costs.