(56 South. 1023.)

No. 18,704.

BENDER v. CHEW.

(Dec. 11, 1911. Rehearing Denied Jan. 2, 1912.)

*(Syllabus by the Court.)*

1. VENDOR AND PURCHASER (§ 239*)—BONA FIDE PURCHASERS — NOTICE — DESCRIPTION IN DEED.

Where a vendor has acquired 340$^{84}/_{100}$ acres of land by a patent, and subsequently makes a deed of sale, describing only a part of the land by metes and bounds, and adding, "containing three hundred forty and $^{84}/_{100}$ acres," this general description of the number of acres will not avail to defeat the title of another vendee, who acquired, in good faith, from the same vendor by a title specifically describing 40 acres, the description of which had not been included in the other deed.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 239.*]

2. BOUNDARIES (§ 3*) — VENDOR AND PURCHASER (§ 239*)—DESCRIPTION OF BOUNDARIES—PURCHASERS IN GOOD FAITH.

Identifying and describing land by giving the number of acres is considered the weakest method of identification. It does not put prospective purchasers on notice by an examination of records, and the ownership of land so described can be ascertained only by a survey—a means beyond the recorded title. The title of one acquiring in good faith, and after a proper examination of the recorded titles, should not be set aside in favor of one whose title was not such as to put third persons on notice of an outstanding title.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 3–41; Dec. Dig. § 3;* Vendor and Purchaser, Dec. Dig. § 239.*]

3. DEEDS (§ 114*)—CONSTRUCTION—DESCRIPTION OF PROPERTY.

A specific or particular description in a deed is not controlled by a general description, stating that the land specifically described is the same land as was acquired by a patent to the vendor, as the latter description is not sufficient to put third persons on notice of just what land has been conveyed.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 114.*]

4. DEEDS (§ 111*) — CONSTRUCTION — INTENTION OF PARTIES.

In construing deeds, the rule is that the interpretation which seems best to accord with the intention of the parties should be adopted. The intent is to be gathered from the whole deed, considering both particular and general descriptions.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 309–315; Dec. Dig. § 111.*]

5. DEEDS (§ 114*)—CONSTRUCTION—DESCRIPTION OF PROPERTY.

A particular description in a deed is not enlarged by language showing that the vendor intended to convey the same and identical real estate conveyed by a former deed, to which reference is made. The second deed may convey the same land as described in the former deed, without conveying all of it, and the reference may be merely for greater identification of the land conveyed.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 114.*]

6. REFORMATION OF INSTRUMENTS (§ 29*)—RIGHT OF ACTION — EFFECT AS TO THIRD PERSONS.

Courts do not favor actions for remodeling deeds to better express the intent of the parties to the deed, when the rights of innocent third persons have intervened.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 112, 113; Dec. Dig. § 29.*]

7. VENDOR AND PURCHASER (§ 233*)—BONA FIDE PURCHASERS—NOTICE.

Registry laws are in the public interest, requiring stability of titles; and where no bad faith is shown the title of one who has acquired on the faith of properly recorded titles will not be disturbed in the interest of one who, if he has title to the property in controversy, has failed to have it properly recorded.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 563–566; Dec. Dig. § 233.*]

Appeal from First Judicial District Court, Parish of Caddo; Thomas F. Bell, Judge.

Action by Mrs. Sophia Bender against W. D. Chew. From a judgment for defendant, plaintiff appeals. Affirmed.

Alexander & Wilkinson, for appellant. Thigpen & Herold and E. W. Sutherlin, for appellee.

BREAUX, C. J. This was an action by plaintiff against defendant to recover 40 acres of land, to wit, the N. E. ¼ of the S. E. ¼ of section 25, township 12, range 16, in the Caddo oil fields.

This tract and adjacent lands became the property of John T. Roots, who obtained a patent from the state, in the year 1884, for 1,320$^{84}$/$_{100}$ acres, including the land in question.

Roots not having paid his taxes, the property was advertised and adjudicated to Leon N. Carter at tax sale, and from Leon N. Carter all, except the land in controversy, passed to Clark and Boyce in 1887.

From Clark and Boyce, it passed to Gus Bender (now dead), and from his succession to Mrs. Sophia Bender, his widow, and their children.

On the 20th day of April, 1887, Gus Bender bought from Clark and Boyce under the following description:

"All of section thirteen; east half of section fourteen; and south half of north half, and west half of southeast quarter; and east half of southwest quarter of section twenty-five, township twenty-one north, range sixteen west, containing thirteen-hundred-twenty and $^{84}$/$_{100}$ acres, being the same land patented to John T. Roots on the twenty-first day of June, 1884, by the state of Louisiana; by him, the said John T. Roots, sold and conveyed to us by his patent, dated Jan. 18, 1881."

The land in controversy, to wit, the N. E. ¼ of the S. E. ¼, section 25, township 21 N., range 16 W., containing 40 acres, is not described in the foregoing.

It is described in former acts as above, and the description also includes the land in controversy.

In the deeds to and including that to Bender, the land was referred to as measuring 1,320$^{84}$/$_{100}$ acres.

In all the deeds, the land was referred to as containing that number of acres.

The defendant and his authors acquired the land from Clark and Boyce.

In some instances, the consideration paid was one dollar.

The question whether Gus Bender acquired the property from Clark and Boyce on April 20, 1887, was decided adversely to plaintiffs, who, as before stated, are the wife and heirs of Bender.

The deed from John T. Roots, before mentioned, to Clark and Boyce was filed in the clerk's office of Caddo parish on April 21, 1887.

The redemption from Leon N. Carter, adjudicatee at tax sale, to Clark and Boyce was filed the same day.

The deed to Gus Bender was filed April 20, 1887, one day prior.

Defendant acquired the property from Clark and the heirs of Boyce.

The year after Bender acquired the property, it was assessed under the description of the N. ½ of the S. E. ¼ of section 25, same township and range as above mentioned.

It was assessed together with the other property mentioned.

The evidence shows that it was not assessed for that year in the name of Clark and Boyce.

Bender, years ago, not long after his purchase, built a fence around the whole tract, except the 40 acres.

In the year 1898, he sold, by particular description, all the lands above mentioned which he had acquired with other lands to W. K. Henderson Lumber Company.

No mention whatever was made of the 40 acres of land in question.

Mrs. Bender, one of the plaintiffs, testified that she knew nothing of this land, and added that, in a general way, she knew that her husband had land.

She evidently knew nothing of these 40 acres until a short time before this suit was brought.

The defendant, who became the owner by mesne conveyance, is a third person.

The mesne purchasers were A. P. Flournoy and D. T. Land, who do not appear to have had any information about this 40-acre tract, sold to the former by Clark and Boyce separate and apart from the other lands which they had owned.

Plaintiff's contention is that, while the 40 acres in question are not described by government descriptions in the conveyance to Gus Bender, they are otherwise sufficiently described and identified by acreage and by reference to the title under which the vendors hold.

On the other hand, defendant contends that plaintiff's deed, as it does not call for all of the land, does not control the specific description under which defendant and his predecessors in title acquired; that it did not convey a notice to purchasers of the sale of the land as it would have conveyed, had it been specifically described in the deed.

First as to identification of land by acreage:

[1-3] Such method of identification is considered the weakest; it yields to every other method. The measurement of lines and boundaries, natural or artificial, and other similar methods, have the preference over the mere area of the land. It is not susceptible of determination, save by a survey, while courses and distances are generally easily identified.

If it was not the intention to include this small body of land with the other lands sold, the area cannot be held controlling.

Innocent third purchasers cannot be held to the necessity of ascertaining whether or not the land remaining to their vendors is equal in area to the body of land which they purchased.

There is no question but that originally the patent was issued by the government of the quantity of acres before mentioned.

That fact alone cannot prejudice the rights of purchasers, who are not in the least informed about the whole tract containing the number of acres before mentioned.

The next proposition of the plaintiff is that the land is identified in the different deeds under which plaintiff holds by reference in these deeds to the title under which the vendors held it.

That would be true only if these deeds contained the usual description of property conveyed. It is not controlling in presence of the following in the deed:

"Being the same land patented to John T. Roots on the twenty-first day of April, 1884, by the state of Louisiana, and by him, the said John T. Roots, sold and conveyed to us by his deed of Jan. 18, 1886."

This description was not sufficient to place innocent third persons upon inquiry; it being a general description, which does not control the particular description in the deeds under which defendant and his immediate predecessors in title hold.

Bender or his widow never thought of paying taxes on these lands.

He never claimed, and his wife, after his death, never heard that she and her children were the owners.

If she owned at all, it was to her an unknown title.

The claim made by her to this land is evidently an afterthought.

That would not amount to anything, if it were not that the ambiguousness of the description shows that from the first there was no thought on the part of Bender, buyer, and afterward of Bender, the vendor of the property, to claim it as his own.

It is surely extraordinary that one should sell a large body of land and reserve 40 acres from the deed, without in the course of time any one hearing anything in connection with the reservation made from the area sold.

Taking the deed as a whole, the description does not suggest an oversight.

[4] That construction should control which appears most in accordance with the inten-

tion of the parties. Driscoll v. Green, 59 N. H. 101, referred to in Century Digest, vol. 16, p. 393 (W).

[5] It is, besides, a rule of interpretation that a particular description in a deed, referring to a former deed, even though the language is that the grantor intended to convey the same and indentical real estate conveyed by the former deed, is not necessarily enlarged. The whole intent is to be taken from the whole description, particular as well as general. Brunswick Savings Inst. v. Crossman, 76 Me. 577, cited from Century Digest, vol. 16, before cited.

The general description by reference to a patent and a former deed is not suggestive of intention to buy other lands; it is more suggestive of the intention of obtaining full title to land particularly described.

No mention is made of all the land, only the same land, which does not necessarily include other lands than those described. Had the word "all" been used, that would have made the deed quite unambiguous and plain.

It has been decided that a clause in a deed at the end of a particular description of the land by metes and bounds, meaning and intending to convey the premises, is merely a help to the title, and does not enlarge the grant. Brown v. Heard, 85 Me. 294, 27 Atl. 182.

A description by metes and bounds, as in the sale referred to in the last-cited case, is not more expressive or controlling than the subdivisions of the United States survey.

A rule governing in the one instance may well govern in another.

If the former ("metes" and "bounds") governs as a particular description, so should the United States surveys, where it is not evidently the intention that other subdivisions were to be included because of a reference to deeds, other than those immediately preceding the last, under which the last vendee claims.

[6] Reforming a deed which does not set out the intention of parties:

The decisions of this court are not favorable to the remodeling of deeds in which third persons, as in this instance, have an interest as owners. There is a long line of pertinent decisions on the subject, the reading of which will give rise to the conclusion that an action, such as this, cannot, as a general proposition, be maintained against a stranger to the deed, who becomes the owner.

The following decisions present the subject from different viewpoints, leading to the conclusion that, in all fairness, one should not be put on a voyage of discovery to determine whether or not all the property he buys is properly included in the deed which the one who proposes to become a vendor holds.

We insert the whole list for any reference hereafter, in case of a similar issue presenting itself.

The correction and remodeling were made, inter alia, in these decisions: Sentell v. Randolph, 52 La. Ann. 52, 26 South. 797; Jones v. Jones, 51 La. Ann. 645, 25 South. 368; Baum v. Smith, 127 La. 1089, 54 South. 399; Washington v. Filer, 127 La. 862, 54 South. 128; Duson v. Roos, 123 La. 835, 49 South. 590, 131 Am. St. Rep. 375; Sicard v. Gumbel, 112 La. 483, 36 South. 502; Lognion v. Fontenot, 121 La. 902, 46 South. 914; Warner v. Lumber Co., 121 La. 90, 46 South. 108; State v. Hackley-Hume & Joyce, 124 La. 854, 50 South. 772; Rudolf v. Gerdy, 121 La. 477, 46 South. 598; Vital v. Andrus, 121 La. 221, 46 South. 217; Harris v. Harris, 109 La. 916, 33 South. 918; Adams v. Lumber Co., 115 La. 179, 38 South. 957; Adams v. Drews, 110 La. 456, 34 South. 602.

[7] The record owner:

Of late years, the decided tendency is to let the deed of record be controlling, except in case of circumvention, bad faith, or fraud.

There is nothing of the kind in this instance. On the face of the papers, as be-

tween the last vendor and vendee in point of date of sale, there is not the most remote appearance or the least notice of bad faith on the part of the present record purchaser.

Registry laws are enacted in public interest, where the issue is, as just mentioned, held controlling. McDuffie v. Walker, 125 La. 152, 51 South. 100; Baum v. Smith, 127 La. 1090, 54 South. 399; John T. Moore v. Railway Co., 126 La. 840, 53 South. 22.

As between vendor and vendee in this instance, no fact was of record requiring inquiry, or suggesting the least necessity of an inquiry, to the end of ascertaining that under a vague description the land sold was included in the deed of sale.

The law and the evidence being in favor of defendant (appellee), the judgment appealed from is affirmed.

LAND, J., recused himself.