### No. 3556

### Second Circuit

---

### REITZELL ET AL. v. LOUISIANA CENT. LUMBER CO.

---

(December 31, 1929. Opinion and Decree.)

---

William H. Mecom, of Columbia, and Moss & Moss, of Winnfield, attorneys for plaintiffs, appellants.

Stubbs & Thompson, of Monroe, attorneys for defendant, appellee.

REYNOLDS, J. Plaintiffs sold to R. C. Cruse certain timber growing on certain lands by authentic act, so much of which as is important here reads as follows, to-wit:

"It is agreed, contracted and understood, that the said purchaser, R. G. Cruse, his heirs and assigns, shall have the full period of two years from the date hereof, to cut, haul and remove said timber from the lands above described, together also, with free ingress and egress for all laborers, wagons, teams and other useful and necessary means and facilities for the cutting, hauling and removing said timber. * * *

"Done and passed at my office, in said parish of Caldwell, in presence of J. H. Pierce and E. L. Kraft, competent witnesses, on this the ———— day of December, A. D., nineteen hundred and twenty five (1925)."

The act was filed for record on April 6, 1926, and duly recorded on April 7, 1926, in the proper record.

Plaintiffs allege that they sold the timber and executed and delivered the deed to Cruse on December 12, 1926, and that by error and inadvertence the word "twelfth" or its equivalent was omitted from the act after the word "the" and before the word "day," in dating it.

That between December 15, 1927, and December 23, 1927, the Louisiana Central Lumber Company cut and removed 125,000 feet of the timber of the value of $1,750 notwithstanding plaintiffs had warned it that it was without legal right to do so.

They allege that the Louisiana Central Lumber Company's act in cutting and removing the timber was a trespass and damaged them in the amount of $1,750, and they prayed judgment against it for that sum, with legal interest thereon from June 7, 1928.

The defendant admitted cutting and removing the timber, and that it was done

.during the time plaintiffs alleged, but denied that it was done wrongfully, and alleged that, on the contrary, it owned the timber and had the right to cut and remove it when it did so; that by contract with Cruse, entered into on October 22, 1927, it acquired title to and possession of the timber together with the time in which to cut and remove it granted him by plaintiffs; and that by authentic act, dated December 31, 1927, filed for record January 2, 1928, and recorded on January 3, 1928, in the proper record, Cruse formally transferred the property to it, but that this latter act was merely confirmatory and evidential of the transfer of October 22, 1927.

The defendant further alleged that its purchase of the timber from Cruse was made on the faith of the public records and in ignorance of the claim asserted by plaintiffs in this suit; that these records showed that plaintiffs had given Cruse two years' time from December, 1925, in which to cut and remove the timber; that plaintiffs intended and Cruse understood by the deed that the running of the time should begin from the end of and not from any day during the month; that neither the twelfth nor any other date was inadvertently omitted from the act, but that, if it was, it could not now be asserted by plaintiffs to the prejudice of defendant.

.The defendant further alleged that, even were it true that the twelfth had been inadvertently omitted from the deed, the deed could not be reformed in the absence of Cruse, who was not a party to the suit.

On these issues the case was tried and there was judgment rejecting plaintiffs' demand and dismissing their suit, and they appealed.

## OPINION

Plaintiffs granted Cruse two years' time in which to cut and remove the timber, and the question we have to determine is whether that time began to run from the end of the month of December, or from the 12th day of that month.

Plaintiffs contended that the sale from them to Cruse was actually executed and delivered on December 12, 1925, and that the running of the two years began from then, and they were permitted, over defendant's objection, to introduce proof tending to show that the sale was executed and delivered on that date.

In our opinion, the evidence was incompetent and should have been excluded, and we will not consider it. Its purpose and effect was to establish something beyond or against the sale, in violation of article 2276 of the Civil Code, which says:

"Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since."

The time allowed Cruse to cut and remove the timber began from the date of the sale. The date of the sale was "the ——— day of December, A. D., nineteen hundred and twenty five (1925)." There is as much reason to presume that the parties to the act intended by these words to say the time should run from the end of the month as that they intended thereby to say that it should run from the beginning of the month, or from some day during the month. If, as contended by defendant, it was intended that the time should begin running from the end of the month, that intention was as well expressed in the deed as if the figures and letters "12th" had been inserted after the word "the" and

before the word "day" in the deed; "the —— day" expressed the intention clearly.

But if there were any doubt whether the plaintiffs intended the time to run from the end of the month, that doubt would have to be resolved against them, since:

"The seller is bound to explain himself clearly respecting the extent of his obligations; any obscure or ambiguous clause is construed against him." Civil Code, art. 2474.

And because:

"In a doubtful case the agreement is interpreted against him who has contracted the obligation." Civil Code, art. 1957.

And also for the reason that:

"But if the doubt of obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, whether he be obligor or obligee." Civil Code, art. 1958.

But if it were conceded that the sale was executed and delivered on December 12th, this would not further plaintiffs' contention, because no evidence was introduced or offered tending to prove that the omission of the day of the month was an inadvertence. Non constat its omission was intentional. And if it had been offered it must have been excluded for the reason that Cruse was not a party to the suit, and he was a necessary party to any suit seeking to reform the deed.

In Adams vs. Drews, 110 La. 456, 34 So. 602, syllabus 2 reads as follows:

"Whilst an error in the description of real estate may be corrected as between the parties to the act in which it appears, a different case presents itself after a

third person, acting in good faith, acquires rights with respect to the property as erroneously described. The error cannot be corrected to the prejudice of such rights."

In Bender vs. Chew. 129 La. 849, 56 So. 1023, 1024, syllabus 6 reads as follows:

"Courts do not favor actions for remodeling deeds to better express the intent of the parties to the deed, when the rights of innocent third persons have intervened."

Under the law and the evidence the judgment appealed from is correct, and therefore it is affirmed.