ELLIS, Judge.
The plaintiff filed this suit for the purpose of establishing the common boundary between his property and that of the defendant. The defendant filed a plea of prescription of 10 and 30 years as well as an answer in which he specifically alleged that the boundaries between his property and that of the plaintiff had been irrevocably set:
1. By survey made with the full consent and approval of the record owners of the property at the time it was made, which survey and “proces verbal” was duly accepted by said parties at that time as being true and correct;
2. By actual open possession as is shown by erection of a fence which is still present, the planting of trees on said boundary which are still present, and the actual, open and unopposed cultivation of the land up to said boundary line with the full consent, approval and agreement of said record owners that said boundary line was the correct line between the properties, and;
3. By actual written agreement entered into between the parties as set forth here-inabove wherein both parties state that the true boundary -line between the properties was intended to be as set forth by said survey and that the parties have had open, continuous, notorious, physical possession thereof since the time of the original purchase thereof by said parties in 1900.
The agreement referred to in plaintiff’s petition and declared upon in the defendant’s answer and which was the basis of the district court’s judgment in i.ts refusal to al *590 low any parol testimony beyond the date of this agreement is as follows:
“This agreement made and entered into on this 4th day of December, 1947 by and between Alfred Dupre, who is ¡married to Victoria Thibodeaux, and Leo Dupre, husband of Hortense Hotard, both residents of the Parish of Lafourche, Louisiana,
“Witnesseth:
“Whereas, by deeds dated, respectively, August 27, 1900 and October 13, 1900, Moise Dupre acquired, among other property the whole of the SW/4 of Section 31 T-16-1S, R-18-E, from the heirs of Mr. and Mrs. Francois Bourgeois; and
“Whereas, by deed dated October 13, 1900 and recorded in Conv. Book 34, page 537, records of Lafourche Parish, Louisiana, and in Conv. Book 54, (Oct. 1900-Feb. 1901), records of Terre-bonne Parish, Louisiana, said Moise Dupre sold and conveyed unto Leo Dupre a portion of said SW/4 of Section 31 T-16-S, R-18-E, situated on the left descending bank of Bayou Blue in Lafourche Parish, Louisiana, and described in said deed as follows, to-wit:
“A certain tract of land situated in the Parish of Lafourche in this State on the left descending bank of the Bayou L’Bleue, measuring seven ar-pents front on said bayou by a depth of seven arpents; bounded above by land of vendor, below by land of Urbin Bergeron, and in the rear by land believed to belong to the State of Louisiana, forming a part of the SW/4 of Sec. 31 T-16-S, R-18-E, together with all the buildings and improvements thereon. Being a part of the same property acquired by vendor from the heirs of F. Bourgeois and wife.
“Whereas, by deed dated October 20, 1900, and recorded in conveyance Book 34, page 558, records of La-fourche Parish, Louisiana, said Moise Dupre sold and conveyed to Alfred Dupre, another portion of said quarter section situated in 'the Parish of La-fourche, Louisiana, described in said deed as follows, to-wit:
“A certain tract of land situated in the Parish of Lafourche, in this State, on the left descending bank of the Bayou L’Eau Bleue, measuring seven arpents front on said bayou by a depth of seven arpents; bounded above by land of J. B. Gros, below by land of Leo Dupre and in the rear by land believed to belong to the State of Louisiana; forming a part of SW/4 of Sec. 31 T-16-S, R-18-E, together with all the improvements thereon. Being part of the same property acquired by vendor from the heirs of F. Bourgeois and wife.”
and,
“Whereas the boundaries given in the above deeds show that Moise Du-pre thereby sold and disposed of all of the SW/4 of Section 31 T-16-S, R-18-E, located on the left descending bank of Bayou Blue in the Parish of Lafourche; and
“Whereas, each deed hereinabove referred to erroneously describes the portion intended to be conveyed to each of the above vendees in that the intention was to convey to the said Alfred Dupre that part of the West half of the SW/4 of said section located in Lafourche, Parish, Louisiana, and to Leo Dupre that part of the east of said Quarter section located in the same parish, but the deed to Alfred Dupre actually describes the northern portion of that part of the SW/4 of Section 31 in Lafourche Parish fronting seven ar-pents on Bayou Blue by the full depth of the quarter section, and the one to Leo Dupre describes. the south part of said quarter section in Lafourche Parish fronting seven arpents, more or less, on the bayou by the full Depth of the property; and
“Whereas, the true intention of the parties is fully shown by a certain plat *591 of survey which was prepared and made at the request of Moise Dupre in December 1902, and which is of record in Conveyance Book XX, folio 462, records of Terrebonne Parish, Louisiana ; and
“Whereas, the parties hereto actually took open, physical possession of the tracts which they had intended to buy as aforesaid, all as shown on the plat above referred to, and have maintained that possession ever since the time of their respective purchases; and they now desire to correct the record title so as to make the same conform to the true intention of the parties.
“Therefore, it is now agreed:
“1. That the deed from Moise Du-pre to Alfred Dupre dated and recorded as above set out, was intended to convey and did convey to said vendee all that portion of the West Half of the SW/4 of Section 31, T-16-S, R-18-E; situated in Lafourche Parish, Louisiana; and the deed from Moise Dupre to Leo Dupre, hereinabove described, was intended to convey and did convey to said party all that part of the East half of the SW/4 of Section 31 T-16-S, R-18-E, situated in the same Parish.
“2. In furtherance hereof, and in order to give effect to this agreement, said Alfred Dupre does not hereby transfer, convey and deliver, in exchange unto Leo Dupre, here present and accepting for himself, his heirs and assigns, without warranty, of title, but with complete subrogation to all his rights and actions in warranty against all former proprietors of said property, all that portion oif the East half of the SW/4 of Section 31 T-16S, R-18-E, Lafourche Parish, Louisiana, as is or may have been included in the deed from Moise Dupre to Alfred Dupre, dated October 20, 1900 and recorded in Conv. Book 34, folio 558, records of Lafourche Parish, Louisiana.
“And for and in consideration of the above and foregoing, the said Leo Dupre, does by these presents transfer, convey and deliver in exchange to Alfred Dupre all that part of the West half of the SW/4 of Section 31 T-16S, R-18-E, Lafourche Parish, Louisiana, as is or may have been included in the deed from Moise Dupre to Leo Du- . pre dated October 13, 1900, and recorded in Conv. Book 34, folio 537, records of Lafourche Parish, Louisiana, and in Conv. Book 54, (Oct. 1900-Feb. 1901) records of Terrebonne Parish, Louisiana.
“This exchange is made and mutually accepted by the parties hereto, it being agreed and understood that the properties exchanged are equal in value.
“To have and to hold the said properties, the one to the other, their heirs and assigns, in full property forever. * * *»
After trial the Lower Court rendered judgment in favor of the plaintiff and against the defendant, permanently fixing and establishing the true boundary line between the contiguous estates as marked and monumented by J. A. Lovell, Civil Engineer, appointed by the court in accordance with the latter’s proces verbal and map filed in the proceedings, and further taxed the defendant with the total cost of the survey and suit.
The defendant has appealed.
The agreement of September 4, 1947 between the plaintiff, Alfred Dupre, and Leo Dupre, the defendant’s vendor, quoted above, plainly reveals and both counsel frankly admit that under the deed by which the plaintiff acquired his property from Moise Dupre and under the deed by which the defendant’s vendor, Leo Dupre, acquired his property in accordance with the description Alfred Dupre acquired the north portion of the SW/4 of Section 31 T-16-S, R-18-E, in the Parish of La-fourche, and Leo Dupre acquired the southern portion of the southwest portion *592 of the same section, Township and range in the Parish of Lafourche. In order to correct the titles so as to give each that which he intended to purchase, viz., to Alfred Dupre the East half of the SW/4 of Section 31 T-16-S, R-18-E, lying in La-fourche Parish, and to Leo Dupre, the W/2 of the SW/4 lying in Lafourche Parish, the agreement of September 4, 1947 as it plainly states was entered into between these two parties.
The plaintiff objected to the introduction of any evidence beyond the deed or agreement of December 4, 1947 and the lower court in its judgment sustained this objection on the ground that the September 4, 1947 act was clear and explicit and the defendant not having pleaded any fraud, error or mistake, could not introduce any testimony to alter or vary the terms of the instrument. It is therefore necessary that we determine whether the act or deed of September 4, 1947 is clear and explicit, without the introduction of any extrinsic evidence in order to determine its meaning.
This agreement sets forth the description by which the plaintiff and Leo Dupre each acquired his property and also the error therein and states the true intention of the parties to have been shown by a certain plat of survey which was prepared and made at the request of their ancestor in title, Moise Dupre, in December 1902 which was recorded in the records of Terrebonne Parish, and that the parties to the agreement actually took open, .physical possession of the tracts which they intended to buy as shown on the plat of 1902, and that they desired to correct the record title so as to make it conform to the true intention of the parties “Therefore, it is now agreed * * * ”, and Alfred Dupre then transferred, conveyed and delivered in exchange to Leo Dupre “all that portion of the East half of the SW/4 of Section 31 T-16-S, R-18-E, Lafourche Parish, Louisiana as is or may have been included in the deed from Moise Dupre to Alfred Dupre * * and in consideration of this transfer Leo Dupre then transferred, conveyed and delivered to Alfred Dupre all that part of the “W/2 of SW/4 of Section 31 T-16-S, R-18-E, Lafourche Parish, Louisiana, as is or may have been included in the deed from Moise Dupre to Leo Du-pre, * * * ” On the face of this instrument there is nothing .ambiguous thereon. Alfred Dupre, who by his title from Moise Dupre in 1900 had received the northern portion of the SW/4 but who intended to purchase the western half, transferred to Leo Dupre, who originally had acquired the south portion of the SW/4 and who had intended to purchase the eastern half of the SW/4, the land he had received under his original title in the eastern portion of the SW/4, while Leo Dupre transferred to Alfred Dupre all the land he had received by his original title in the western portion of the SW/4. Should we admit that Leo Dupre had acquired by prescription the strip of land in dispute between the alleged fence and the correct common boundary as shown by the survey of 1902 which Lovell, the surveyor appointed by the court found to be correct and to coincide with the common boundary established by him, he un-qualifiedly transferred and conveyed this strip in dispute to Alfred Dupre.
It might be argued that Leo Dupre, even though he transferred that portion of the disputed strip of ground between the actual boundary and the alleged fence in the south portion to Alfred Dupre, that he had not transferred or conveyed that part of the disputed strip lying in the northern portion of the SW/4. However, by entering into this agreement and accepting the transfer of that portion of the land in the eastern half from Alfred Dupre, which the latter had acquired originally, he relinquished any right or title he might have had in and to the alleged strip in dispute to' the west of- the correct common boundary in the northern portion.
If the defendant wished to attack the deed of September 4, 1947 between Alfred and Leo Dupre, then it was necessary that fraud, error or mistake be alleged and shown. It may well be that the defendant as well as Leo Dupre thought the alleged fence was on the correct boundary line, *593 and based upon such error entered into the exchange agreement. However, no such error has been alleged, and the deed on its face is explicit and the district court was correct in sustaining the objection.
The District Court in its written reasons concisely stated the basis of its judgment as follows:
“The plaintiff objected to the introduction of any evidence beyond the deed of December 4, 1947, for the reason that the Act of Correction and Exchange clearly sets out the intention of the parties to the deed and that said deed is clear and explicit and needs no extrinsic evidence to determine exactly what was meant by this deed, contending that according to Article 2276 of the LSA-Civil Code, parol evidence is not admissible to alter or vary the terms of the written instrument unless fraud, error, or mistake is shown or unless the instrument is so ambiguous that the true intentions of the parties thereto cannot be determined without the introduction of extrinsic and parol evidence, citing Snelling v. Adair, 196 La. 624, 199 So. 782, 784:
“ ‘Generally speaking, the cardinal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention if it can be done consistently with legal principles. * * * In other words, the object to be attained in construing a contract is to ascertain the meaning and intent of the parties as expressed in the language used.’ 6 R. C.L., Permanent Supplement Edition, 834, Section 225. With further reference to the interpretation of contracts, see also, Articles 1945, 1950, 1951, 1955, and 1959 of the Revised Civil Code, and the following authorities; Delogny v. David, 12 La.Ann. 30; Larguier v. White, 29 La.Ann. 156; Ker v. Evershed, 41 La.Ann. 15, 6 So. 566; Succession of Bellande, 42 La. Ann. 241, 7 So. 535; Lozes v. Segura Sugar Co., 52 La.Ann. 1844, 28 So. 249; Bender v. Chew, 129 La. 849, 56 So. 1023; Interstate Trust & Banking Co. v. Liquidators of People’s Bank & Trust Co., 143 La. 574, 78 So. 968; Bank of Napoleonville v. Knobloch & Rainold, 144 La. 100, 80 So. 214; Rodgers v. S. H. Bolinger Co., 149 La. 545, 89 So. 688; Clement v. Dunn, 168 La. 394, 122 So. 122; Boisseau v. Vallon & Jordano, Inc., 174 La. 492, 141 So. 38; Smith v. Chappell, 177 La. 311, 148 So. 242; South Port Corp. v. Olivier & Sons, 179 La. 233, 153 So. 825; General Talking Picture Corp. v. Pine Tree Amusement Co., 180 La. 529, 156 So. 812; Union Tank Car Co. v. Louisiana Oil Rig Corp., 184 La. 121, 165 So. 638; Bremer v. Lane, 185 La. 543, 169 So. 568; Gibson v. Zylks, 186 La. 1043, 173 So. 757; Noel Estate v. Kansas City Southern & Gulf Ry. Co., 187 La. 717, 175 So. 468; Reynaud v. Bullock, 195 La. 86, 196 So. 29; 16 American Jurisprudence 599, Section 285; 13 Corpus Juris 520, §§ 481, 482, 486, 497, 17 C.J.S., Contracts, §§ 294, 295, 297, 309; 13 Cyc. page 601, § 1(c), ■page 627, (e); and 6 R.C.L. 837, Sections 227, 231.
“ ‘It is expressly provided in the Revised Civil Code “That courts are bound to give legal effect to all such contracts according to the true intent of all the parties” and this “intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences.” Article 1945.’ ”
“In the case of Plaquemines Oil & Development Company v. State, 208 La. 425, 23 So.2d 171, 174, the Court held:
“ ‘(2, 3) It is true that, in the execution of deeds and like instruments, the-intentions of the parties must foe gathered from inspection of the instrument without the aid of extrinsic evidence, if their intentions can be thus ascertained, but, if an instrument is so ambiguous as to leave the mind in doubt *594 as to what the parties intended, extrinsic evidence may be resorted to as an aid in construction; or, in other words, when the intent of the parties is doubtful, the construction put upon the instrument by the manner in whiclj it has been executed by both, or by one with express or implied assent of the other, furnishes the rule for its interpretation. Revised Civil Code, Article 1956; Holloway Gravel Co. v. McKowen, 200 La. 917, 9 So.2d 228; Marcotte v. Coco, 12 Rob. 167; Bender v. Chew, 129 La. 849, 56 So. 1023; Smith v. Chappell, 177 La. 311, 148 So. 242.’
“The above quoted law appears applicable to this case for the reason that the deed in question allows but one interpretation since the parties themselves have set forth in this deed that the true intention is set forth by the plat of survey of S. Achee of record in Conveyance Book XX, folio 462 of the Conveyance Records of the Parish of Terrebonne, Louisiana, and that, in keeping with that true intention, each transferred to the other the respective halves of the Southwest Quarter (SW/4) which they were supposed to obtain in the original acts from Moise Dupre, their common author in title. Had there been any inaccuracies or ambiguity in the instrument dated December 4, 1947, either of the parties could have introduced parol evidence to show what these inaccuracies were, but counsel for defendant has never made any allegation that there is any fraud, error or mistake in this instrument and stated to the court,
“ ‘We 'haven’t objected to the document. We think it is valid and good. There is no fraud or error but the impression as to what that document does and does not mean, we all seem to differ about. I’m, only trying to clear up what the intentions of these people were at the time this document was signed. ’ ”
* * * * * *
"Under the circumstances, the pleas of prescription have no basis in law and that evidence tending to show a different intention from that expressed in the deed of 1947, was inadmissible and whatever rights the defendant may have had to the land in dispute was settled' once and for all when the deed of 1947 was executed unless mistake, fraud or error is pleaded, which all of the parties to this suit, including the defendant and his attorney, specially stated, was not the case.”
Counsel for defendant cites the recent case of Conlay v. Grillette, La.App., 70 So. 2d 139. This was an action in boundary in which the defendants by way of answer plead an agreement that a certain fence did constitute the correct boundary. The case is not apposite. It is clear that parol evidence is permissible to prove a visible boundary recognized by the parties or to have proven the establishment of a boundary in accordance with the contention of the defendant in this case had it not been that the defendant’s author in title, Leo Dupre, conveyed to Alfred Dupre any right, title or interest he had or might have had in and to the disputed strip of land from the correct boundary to the alleged fence in the act of exchange of September 4, 1947, and also due to the fact that if there was any fraud or error or mistake committed by Leo Dupre on September 4, 1947, then same should have been set forth as a basis for the introduction of testimony to undo that which he had done in error. There is no such allegation and the judgment of the District Court is correct and is affirmed.