ROGERS, Justice.
 

 This is an appeal from a judgment rejecting plaintiff’s demand for the reformation of a sheriff’s deed conveying a certain tract of land seized and sold under executory process. The record discloses the following facts.
 

 In the year 1921, Frank W. McNair, the owner of a tract of land situated near the Village of Gilbert in Franklin Parish, executed two mortgages in favor of the Gilbert Mercantile Company, Inc. One of the mortgages was executed on February 26, 1921, to secure the sum of $3,000 and covered the entire tract of land owned by the mortgagor. Included hi the mortgage was the SE1! of Section 35, Township 13 North, Range 8 East, the property involved in this suit. The other mortgage was executed on April 11, 1921, to secure the sum of $1,185.14, and with the exception of the SE% of Section 35, Township 13 North, Range 8 East, covered the same tract of land described in the prior mortgage. Both mortgages were duly recorded in the mortgage records of Franklin Parish. W. B. Thompson & Company, a commercial partnership of the City of New Orleans, acquired the notes and mortgages from the Gilbert Mercantile Company, Inc.
 

 On December 10, 1924, Frank W. McNair, the mortgagor, sold to the Gilbert Mercantile Company, Inc., the tract of land described in the act of mortgage executed on November 26, 1921. The deed evidencing this sale was filed for record in the clerk’s office on December 11, 1924. About three years and four months thereafter, viz., on April 20, 1928, W. B. Thompson & Company invoked executory process to enforce the mortgages which it had acquired from the Gilbert Mercantile Company, Inc. In both suits o,rders for executory process were granted, notices of demand were served, writs of seizure and sale were issued, and the mortgaged property was advertised for sale by the sheriff.
 

 Tire record fails to show any return on the writ of seizure and sale issued in the suit to foreclose the mortgage securing the sum of $3,000. Apparently that foreclosure proceeding was abandoned by the mortgage creditor which allowed the mortgaged property to be seized and sold in the other foreclosure proceeding. The mortgage in the foreclosure proceeding that was main
 
 *461
 
 tained, excluding the SE% of Section 35, Township 13 North, Range 8 East, covered a tract of land containing only 320 acres. This tract of land was purchased at the sheriff’s sale by W. B. Thompson & Company, the.mortgage creditor, and the sheriff’s deed was filed for record in the clerk’s office of Franklin Parish on August 16, 1926. About 11 years later, viz., on August 25, 1937, the Gilbert Mercantile Company, Inc., as the record owner, sold by warranty deed to C. W. Berry, Jr., the SE14 of Section 35, Township 13 North, Range 8 East. The deed was filed for record in the clerk’s office of Franklin Parish on August 25, 1937. One month later, viz., on September 25/ 1937, this suit was filed for the reformation of the sheriff’s deed executed in the proceeding to foreclose the mortage securing the sum of $1,185.14 given by Frank W. McNair to the Gilbert Mercantile Company, Inc., on April 11, 1921.
 

 The defendants in the suit are Frank W. McNair, the Gilbert Mercantile Company, Inc., C. W. Berry, Jr., the clerk of Court, and the sheriff of the Parish of Franklin.
 

 Plaintiff claims that it is the owner of the 160 acres of land composing the Southeast Quarter of Section 35, Township 13 North, Range 8 East, which “through a clerical inadvertence” was omitted from the description in the sheriff’s deed as well as from the description in the mortgage and in the petition for executory process. Plaintiff asks that the Sheriff’s deed be reformed so as to include the omitted 160 acres of land and that the records of the parish be corrected so as to reflect the true description of the property.
 

 There is no allegation of bad faith or fraud contained in plaintiff’s petition. By consent of counsel of the parties, the case was submitted for decision in the district court on copies of the entries in the public records, the acts of mortgage, judicial proceedings, and other records affecting the title to the property in dispute.
 

 On April 11, 1921, in order to secure the sum of $1,185.14, Frank W. McNair gave the Gilbert Mercantile Company, Inc., a mortgage on the following described property :
 

 EY2
 
 of NW% and all NE%, Sec. 35, except 21 acres lying north of a conventional line commencing at the 1/2 mile comer of the North boundary line of said Sec. and running south 75 degrees East 41 chains. Also 21 acres off the south end of SW% Sec. 26 being that portion of SW^ of. Secs 26 lying South of a Conventional line commencing at the 1/2 mile corner of said boundary line Sec. 35 and running North 75 degrees West 41 chains all in T. 13 N.R. 8 E., containing 400 acres more or less. Notarial book “7” folio 461.
 

 Also
 
 WYs
 
 of NWy2 Sec. 35 T. 13 N.R. 8 E. less 1 acres sold to the Macedonia Colored Church. Notarial book “7” folio 459.
 

 The same description appears in the petition for the foreclosure of the mortgage, the copy of the act of mortgage attached thereto, the writ of seizure and sale, and the sheriff’s deed. The recital, “containing .400 acres, more or less, Notarial Book 7,
 
 *462
 
 folio 461,” appearing in the description is relied on by plaintiff to establish its claim of ownership to the omitted 160 acres of land, in addition to the lands specifically described in the various documents.
 

 Plaintiff argues that since it would require the omitted 160 acres to make up the 400 acres referred to and because of the fact that in Notarial Book 7 at page 461, the entire 400 acres is included in the description, there is sufficient evidence to show that it actually acquired the entire tract at the foreclosure sale, and that its title thereto is good even as against an innocent third party.
 

 Plaintiff’s argument fails to distinguish between the. case where an erroneous description is sought to be corrected and the case where the omission of property is sought to be rectified. In the case of an erroneous description, a reformation of the instrument is always permitted as between the parties and, in some cases, even as to third parties, but the case is different as to omissions where - the rights of an innocent third person have intervened.
 

 The determination of the issue involved in this case is controlled by the decision in Bender v. Chew, 129 La. 849, 56 So. 1023,
 
 1024.
 
 The only difference between the cases is that a much stronger case for the application of the doctrine involved is presented here than in Bender v. Chew. In that case, Mrs. Bender brought suit against Chew, seeking the reformation of a deed so as to include'40 acres of land the description of which was entirely omitted, as is the situation presented here. There was a recitation in the deed that the description contained 1320 acres, more or less, when, as a matter of fact, only 1280 acres were described. In the instant case, the recitation in the instruments sought to be reformed is that the property contained 400 acres, more or less, when only 240 acres are specifically described. In the Bender case, the description concluded with the following recital, “being the same land patented to John T. Roots on the twenty-first day of June, 1884, by the state of Louisiana; by him, to said John T. Roots, sold and conveyed to us by his patent,- dated Jan. 18, 1881.” In this case, the recitation is more restricted, viz.,, “Notarial Book 7, folio 461.” There is nothing to indicate the true meaning of the reference — whether it was inserted for the purpose of making the description more certain, or merely to show the acquisition by Frank W. McNair of the property mortgaged and sold under the foreclosure thereof.
 

 In deciding the Bender case, this Court observed at page 853 of the opinion in 129 La., 56 So. 1023, that the method of identifying land by acreage was the weakest method known. It yields to every other method. The Court stated that innocent third purchasers can not be held to the necessity of ascertaining whether or not the land remaining to their vendors is equal in area to the body of land which they purchased. In passing upon the effect of the reference, to the property being the same property covered in other transfers, the Court held, at page 854 of the opinion in 129 La., 56 So. 1023, that the reference
 
 *463
 
 was not sufficient to place innocent third persons upon inquiry, it being a general' description which did not control the particular description set forth in the deeds. The language of the Court, appearing at page 855 of the opinion in 129 La., at page 1025 of 56 So., is as follows:
 

 “It is, besides, a rule of interpretation that a particular description in a deed, referring to a former deed, even though the language is that the grantor intended to ■convey the same and identical real estate conveyed by the former deed, is not necessarily enlarged. * * *
 

 “The general description by reference to a patent in a former deed is not suggestive of intention to buy other lands; it is more suggestive of the intention of obtaining full title to land particularly described.
 

 “No mention is made of all the land, only the same land, which does not necessarily include other lands than those described. Had the word ‘all’ been used, that would have made the deed quite unambiguous and plain.
 

 “It has been decided that a clause in a deed at the end of a particular description of the land by metes and bounds, meaning and intending to convey the premises, is merely a help to the title, and does not enlarge the grant. * * *
 

 “A description by metes and bounds, •* * * is not more expressive or controlling than the subdivisions of the United States survey.”
 

 At page 856 of the opinion in 129 La., at page 1026 of 56 So., this Court said: “The decisions of this court are not favorable to the remodeling of deeds in which third persons, as in this instance, have an interest as owners. There is a long line of pertinent decisions on the subject, the reading of which will give rise to the conclusion that an action, such as this, cannot as a general proposition, be maintained against a stranger to the deed, who becomes the owner.”
 

 In the Bender case, Chew was an innocent purchaser in good faith. In this case, the defendant Berry likewise was an innocent purchaser in good faith. In the Bender case, as in this case, the total acreage given was greater than the acreage contained in the particular description. The Court held that the discrepancy was not such as to put Chew on notice. The holding is applicable to this case. In the Bender case, the reference to the former deeds and patent were more comprehensive than the reference in this case which was merely to a particular book and folio. If the reference in the Bender case was not sufficient to put Chew on inquiry, certainly the more limited recital in this case was not sufficient to put the defendant Berry on inquiry.
 

 Bender v. Chew has been approved and followed by this Court in a number of cases. Among those cases are Haas v. Fontenot, 132 La. 812, 61 So. 831, and Nilson v. Brinkerhoff, 146 La. 697, 83 So. 902. Both of those cases involved an issue similar to the issue involved in this case.
 

 In Nelson, Curtis & Nelson v. Bridgeman, 152 La. 190, 92 So. 855, this Court held that it does not follow because there is error in
 
 *464
 
 the quantity of land described in deeds that the error is due to the failure to include in the deeds property the parties intended to transfer. The Court observed: “The error may be due, not to such failure, but to a misstatement of the acreage contained in the tracts described. In this event, it is manifest that there would be no justification for the court to reform the deeds by including in them additional property. Whatever right, if any, the purchaser then would have would be to sue for a diminution of the price, and not for a reformation of the deed.” 152 La. pages 198, 199, 92 So. page 858.
 

 Plaintiff relies on the following cases in support of its demand for the reformation of the instruments referred to in its petition: Lawler v. Bradford, 113 La. 415, 37 So. 12; Ganucheau v. Monnot, 130 La. 463, 58 So. 150; Frantom v. Nelson, 142 La. 850, 77 So. 767; Lee v. Long, 166 La. 1084, 118 So. 320; Keller v. Summers, 192 La. 103, 187 So. 69. But none of those cases is applicable to the state of facts exhibited by the record in this case.
 

 In Lawler v. Bradford, the description sought to be reformed was vague and ambiguous and it was necessary to refer to other instruments to identify the property. The references in all those instruments are much more specific than the reference in the instruments under review here. In that case the defendants attempted to reform a deed so as to include nine arpents more than Was described in the deed. The Court refused to permit the reformation, holding that a person who deals on the faith of the public records • must be protected.
 

 Ganucheau v. Monnot was also a' case where the description was ■ vague and indefinite. The plat of survey showing the division of a plantation into lots was never recorded and had been lost. In that case also it was necessary to refer to other instruments to determine the titles to the various lots.
 

 In Frantom v. Nelson the only error in description was the S% of SW]4 instead of ' S1/^ of NW]4 and lot 4 of section 1, instead of section 2, the acreage being the same in all instruments. The Court held that no third person’s rights having intervened, there could be no question of the right of defendant as against his author in title to have his deed reformed and corrected as to the description of the property.
 

 In Lee v. Long, [166 La. 1084, 118 So. 321], the rights of a third person had intervened and the description sought to be reformed contained the recitation: “See Book 23, folio 194, and Book 30, folio 187, of the Conveyance Records of De Soto Parish, La.” However, the only reformation sought was to make it read — beginning at the southeast corner of a certain quarter section of land, instead of at the southwest corner of the section. The parties to the suit were not attempting to include more land than was described in the deed. They merely were attempting to correct an inaccurate description and not to supplement the description by including therein property which was alleged to have been omitted therefrom. The Court, in its opin: ion, distinguished the. cases of Bender v. Chew and Haas v. Fontenot from the case under discussion.
 

 
 *465
 
 The decision in Keller v. Summers has no bearing on the issue involved in this case. In that case plaintiff contended that the trial judge was in error in maintaining the plea of prescription of ten years acquirendi causa, because the deed contained a reference to a certain constable’s sale which was invalid due to certain defects in the proceeding. Plaintiff contended that the reference must be read into the deed on which defendant’s title was based and, consequently, defendant was charged with knowledge that his vendor’s title, was invalid. The Court held against the contention, stating that in all purchases of property good faith is presumed and bad faith will not be imputed to a purchaser merely because an examination of the records would have disclosed a defect in the vendor’s title.
 

 For the reasons assigned, the judgment appealed from is affirmed.