McCALEB, Justice
(dissenting in part).
An analysis of the majority opinions in this case reveals but little difference of view in respect of the unique ruling that a purchaser of land described by lots or fractional sections, excepting therefrom certain land which had been previously sold to another, acquires a title not only to the land he bought and paid for but also to the acreage that he did not buy or pay for, in case the prior deed conveying the excepted property to the third party contains a vague or indefinite description of the land. Indeed, the only perceptible variation in the major premise of the first opinion and this one is that the former completely ignored the fundamental principle that a plaintiff in a petitory action must recover upon the strength of his own title and not upon the weakness of that of the possessor, whereas this opinion, while giving recognition to that principle, fails to apply it and proceeds to decide the case on the weakness of the defendant’s title.
This last opinion is assertedly predicated on certain basic principles applicable to the transfer of immovables in Louisiana, and it dwells at some length on the doctrine of registry. Yet, it is difficult to discern the connection between the doctrine of registry and plaintiff’s title, or rather the lack thereof. How does registry of defendant’s deed, or failure to register it, aid plaintiff in this petitory action to recover 408 of the 440 acres he did not buy ? Registry cannot supply a title when there is none. However, the majority seems to feel that registry is of some assistance to plaintiff, it being professed that plaintiff is only bound by the description in the deeds to defendants and, since those deeds do not describe all of the excepted acreage, plaintiff is entitled to be recognized as the owner of all undescribed portions of the acreage in defendant’s possession even though he did not buy or pay for them
Pursuing this line of thought, the majority indicate that failure to recognize plaintiff’s title to the excepted property, when the conveyance records show that considerably less land was accurately described in the transfer to defendants than the acreage stated therein, would be violative of public policy in that it would allow defendants to enlarge their title by the admission of extrinsic evidence to show that they were delivered all of the land of which they admittedly are in possession.
This asserted fear of unreliability of extrinsic evidence to prove title has no relation to this case. I reiterate that plaintiff must recover on his own title. There might be some basis for the deduction were this a case in which plaintiff was claiming that he did not get title to and possession of all *795 of the property he bought and paid for. But, of course, that is not the situation here as the only property claimed by plaintiff is the property he neither bought nor paid for, i. e., the property that was excepted in the deed.
Unlike the original opinion, this one recognizes that defendants have a good title to 183.51 acres of the 440 acres of land of which they have had possession for many years and gives the balance of 215.41 acres to plaintiff. This result emanates from a finding that the description contained in the correction deed, under which defendants hold, is clear and unambiguous — and this, despite the fact that such a construction of the descriptive language in the deed gives defendants only 183.51 acres, whereas the acreage called for in the conveyance is 442 acres, more or less.
While I, of course, agree that the method of identifying land by acreage is the weakest known and yields to every other method (W. B. Thompson & Co. v. McNair, 199 La. 918, 7 So.2d 184), this does not mean that an acreage call is not entitled to be considered in appraising the other descriptive recitals. In this connection, it is to be observed that the land designated in defendants’ title is not described by metes and bounds (a sale per aversionem) ; it is described as being all land west of a projected section line and south of another line drawn west from another point, which eastern point is particularly described, the total containing 442 acres, more or less. These recitals require interpretation, in my opinion, in order to ascertain the true intent of the parties, that is, whether the language describes the tract as including only that land which is west of the section line projected and which is also south of the line drawn west from the designated point, as the majority finds to be the case, or whether it covers all land on the western side of the produced section line and all land south of the other line drawn west to the point at which it meets the section line, as contended by defendants.
In my view, the correctness of defendants’ position is manifest, coinciding substantially as it does with the acreage call and all of the extrinsic evidence of the parties involved, plus possession in good faith of the 440 acres for over ten years.
On the other hand, the construction adopted by the majority leads, in my estimation, to absurd consequences for defendants are said to own less than one-half of the acreage set forth in the deed. It is a salutary principle of our law, stated in Article 1945 of the Civil Code, that legal agreements having the effect of law upon the parties, “none but the parties can abrogate or modify them”. And upon this principle are established certain cardinal rules of construction, the third rule being that the intent of the pa.rties is to be deter *797 mined by the words of the contract “when these are clear and explicit and lead to no absurd consequences”.
I would construe the description of the deed in question so as to give effect to all calls therein and thus carry out the true intent of the parties to convey and purchase 440 acres of land, more or less.
The judgment of the district court should be affirmed.