637 So.2d 614 (1994)
M.R. BUILDING CORPORATION, Plaintiff-Appellee,
v.
BAYOU UTILITIES, INC.; Galion Utilities Corp.; Michael O. Fleming and the Planters Bank and Trust Company, Defendants-Appellants.
No. 25759-CA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1994.
*615 Hudson, Potts & Bernstein by James A. Rountree, Monroe, for Bayou Utilities and John H. Pruett, Jr.
*616 Frederick L. Miller, Shreveport, for Michael O. Fleming.
Rankin, Yeldell, Herring & Katz by Alex W. Rankin, Bastrop, for appellee.
Before HIGHTOWER and WILLIAMS, JJ., and LOWE, J. Pro Tem.
LOWE, Judge Pro Tem.
Bayou Utilities, Inc., and John H. Pruett, Jr., appeal the trial court's reformation of a deed, to exclude certain property from the 1978 sale of "utilities property" from Macon Lake Gin Company to Galion Utilities Corporation, alleging that the reformation prejudiced intervening third parties, Bayou Utilities was a bona fide purchaser of this property, M.R. Building Corporation had no cause of action because it was not a party to the original contract, Macon Lake was an indispensable party to this action, and Bayou and Pruett's title was the most ancient from a common ancestor. Finding no merit to these assignments of error, we affirm.

FACTS
On November 6, 1978, Macon Lake acquired certain utilities property and sold them to Galion Utilities. Both companies were owned by W.R. Smith. The stated purpose of the sale was to put all of the utility properties in a separate entity, distinct from Macon Lake's other properties. Included in the deed was a description of property referred to as the Davenport property, which included a metal office building and an otherwise vacant lot, that was not utilities property, and not intended to be included in the sale.
On March 19, 1982, Macon Lake conveyed the Davenport Property to the Rural Area Development Corporation (RADC). On August 18, 1982, RADC sold this property to Michael O. Fleming, M.D., a medical corporation. Fleming sold a portion of this property to M.R. Building on March 19, 1985, and M.R. subsequently purchased the remaining portion of the property from Planters Bank & Trust Company, who had obtained it in a foreclosure proceeding.
West Monroe Real Estate, Inc., which later became Bayou Utilities, Inc., purchased Galion's stock in 1983. After Pruett, the owner of Bayou Utilities, discovered that the Davenport property was included in its deed in 1988, he declared ownership of the property. M.R. Building filed this suit to reform the deed which erroneously included a description of this disputed property. M.R. included Fleming as a defendant in this suit on a call in warranty. Bayou Utilities then sold the Davenport property to Pruett for $50,000, subject to the lis pendens notice, in an apparent attempt to make Pruett a bona fide purchaser.
The trial court permitted reformation of the deed, finding that the 1978 sale was in error, and Galion and its successors were not entitled to protection under the law of registry because the property was not purchased in reliance on the public records.

REFORMATION OF DEED
A written agreement may be reformed against the original parties and their privies to correct an error or mistake in the contract, so as to make it accurately express the true intent and agreement of the parties, provided that the rights of third parties have not intervened. This includes the right to correct inaccurate legal descriptions contained in real estate contracts. It is a personal action, even when applied to real estate, in which the burden of proof is on the one seeking reformation to establish the mutual error and mistake by clear and convincing proof, parole evidence being admissible for this purpose. Mitchell v. Clark, 448 So.2d 681 (La.1984); Agurs v. Holt, 232 La. 1026, 95 So.2d 644 (La.1957); Succession of Jones v. Jones, 486 So.2d 1124 (La.App. 2d Cir.1986), writ denied; Greer v. State, 616 So.2d 811 (La.App. 2d Cir.1993); First State Bank & Trust Co. v. Seven Gables, 501 So.2d 280 (La.App. 1st Cir.1986), writ denied.
The most commonly used ground for reformation is mutual mistake of the parties. A mutual mistake is a mistake shared by both parties to the instrument at the time of reducing their agreement to writing, and the mistake is mutual if the contract has been written in terms which violate the understanding of both parties; that is, if it appears that both have done what neither intended. Greer, supra; Succession of Jones, supra.
*617 Bayou and Pruett contend that because M.R.'s petition affirmatively disclosed that the rights of third parties were involved, this case is not proper for reformation. A third party taking rights on the faith of the public record is protected and cannot be held to provisions which might be contained in a document after it is reformed for simple error. Morrison v. D & L Partnership, 499 So.2d 988 (La.App. 3d Cir.1986). See also LRS 9:2721.
John H. Pruett, Jr. operated Galion Utilities for Mr. W.R. Smith for a year or more before buying all of its stock in 1983 for West Monroe Real Estate, Inc., a corporation of which he was the sole stockholder. He testified that he did not know that he was acquiring the disputed property. In 1985, Mr. Pruett transferred all of the assets of West Monroe Real Estate to Bayou Utilities. This transfer simply changed the name of the corporation. After the suit for reformation was filed, Pruett, the owner of Bayou Utilities, purchased the disputed property from Bayou Utilities.
Bayou Utility and Pruett admit in their brief that the evidence at trial overwhelmingly supported the proposition that there was an error in the sale from Macon Lake to Galion. Neither Galion, nor Bayou Utilities exhibited any acts of ownership of the Davenport property prior to Pruett's declaration of ownership in 1988. Until this time, the property taxes were assessed to and paid by Macon Lake and its successors, and not by Galion and its successors. Bayou Utilities and Pruett did not occupy or seek to prevent others from occupying this property. M.R. and its predecessors occupied the property during this period of time.
Raymond Hardy Madden, III, the attorney who prepared the deed which transferred several tracts of land from Macon Lake to Galion, testified that the Davenport property should not have been included in this deed, and that its inclusion was a clerical error and an oversight on his part. He was also responsible for preparing the deed transferring this property from Macon Lake to RADC which he would not have done if he had already prepared a deed transferring the property to another party.
Because a determination of mutual error is mainly a question of fact, we grant broad discretion to the trial court's findings, and do not disturb these findings absent manifest error. We find that the trial court did not err in finding that the 1978 sale from Macon Lake to Galion erroneously included the Davenport property, that Galion and its successors were not entitled to protection under the law of registry because the property was not purchased in reliance on the public records, and that Bayou and Pruett were not bona fide purchasers.
Bayou Utilities and Pruett contend that M.R. Building has no standing to reform the deed from Macon Lake to Galion because it was not privy to this deed. A privy to a written instrument is one who has succeeded to some right or obligation which one of the parties to the instrument derived through the written instrument or incurred under it. First State Bank & Trust Co., supra.
In the case of an erroneous description, a reformation of the instrument is always permitted as between the parties and, in some cases, even as to third parties. W.B. Thompson & Co. v. McNair, 199 La. 918, 7 So.2d 184 (1942). A grantee of property succeeds to the original grantor's rights to maintain a suit to reform a prior deed. 66 Am.Jur.2d, Reformation of Instruments, § 61 (1973).
We find that M.R. Building, as a successor in Macon Lake's chain of title, was a third party capable of bringing this reformation action. Additionally, we do not find any evidence that Bayou or Pruett were prejudiced by the reformation of the deed.
Bayou Utilities and Pruett further contend that Macon Lake was an indispensable party to M.R. Building's action to reform.
Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
No adjudication of an action can be made unless all indispensable parties are joined therein.

*618 CCP Art. 641.
Parties should be deemed indispensable only when that result is absolutely necessary to protect substantial rights. State, Dept. of Hwys. v. Lamar Adv. Co. of La., Inc., 279 So.2d 671 (La.1973). Macon Lake, a grantor who conveyed its whole title and interest in the property which was affected by reformation, was not an indispensable party because Macon Lake had no interest in the litigation which required protection, and Macon Lake's joinder was not necessary to protect any interest of the litigants or to grant adequate and equitable relief.

CONCLUSION
We find that the trial court did not err in reforming the deed to correct the property description to reflect the intent of the parties.

DECREE
At appellants' cost, the trial court judgment is AFFIRMED.