655 So.2d 579 (1995)
Debra BROWN, Plaintiff-Appellant,
v.
BIG STAR OF BASTROP and American Casualty Company, Defendant-Appellee.
No. 26965-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1995.
Knoll & Spruill by Kerry L. Spruill, Marksville, for appellant.
Mayer, Smith & Roberts by Kim Purdy, Shreveport, for appellee.
Before MARVIN, NORRIS and STEWART, JJ.
NORRIS, Judge.
Debra Brown appeals a judgment of the OWC hearing officer sustaining an exception of res judicata filed by her former employer and its insurer, Big Star of Bastrop and American Casualty, and dismissing Brown's claim. For the reasons expressed, we reverse and remand to the OWC for further proceedings.

Factual and procedural background
Ms. Brown was employed as a meat wrapper earning $4.00 an hour at Big Star grocery store in Bastrop when, on March 13, 1987, as a result of having to move 40-pound boxes of hams, she injured her back. She was sent to Dr. George Webb, a general practitioner in Mer Rouge, who placed her on conservative treatment; this produced only marginal results. The major thrust of her complaints to Dr. Webb was neck pain, but she also mentioned lower back pain a few weeks after the injury. She saw Monroe orthopedist Dr. M.B. Bailey in April 1987, complaining of both neck and lower back pain; however, she sought no treatment from Dr. Bailey. For the next year or so she continued making frequent (roughly once or twice a week) trips to Dr. Webb. In late 1987 she also began seeing an orthopedist in New Orleans, Dr. Henry La Rocca, to whom she complained of neck and shoulder pain. After various tests, Dr. La Rocca eventually performed, in March 1990, an anterior cervical diskectomy and posterior cervical fusion of C4 through C6.
Meanwhile Ms. Brown had filed judicial comp proceedings in the Fourth JDC. These culminated in a stipulated judgment filed February 27, 1990. By this judgment *580 the insurer agreed, inter alia, to pay Ms. Brown weekly benefits of $106.67 until they were no longer due, to pay various past due medical and pharmacy bills totalling $19,253.04, and to cover the neck surgery that Dr. LaRocca was to perform that March. Pertinent to this case was the provision (¶ 5) regarding Ms. Brown's treating physician:
DEBRA A. BROWN agrees to cease medical treatment under Dr. George Wyatt Webb at Mer Rouge Medical Clinic, and further, DEBRA A. BROWN agrees that [the insurer] will no longer be responsible for any payments for any medical treatment or consultation rendered to DEBRA A. BROWN by Dr. Webb after January 18, 1990.
Dr. La Rocca retired around December 1990, and then Ms. Brown was referred to his associate, Dr. Charles Billings. After a visit on January 17, 1992, Dr. Billings released her to sedentary or part-time work with a 30% permanent partial disability of the cervical spine. Ms. Brown had also complained to Dr. Billings about lower back pain, but he found no evidence of neurological impairment and felt that her lumbar problems were degenerative. The comp insurer began paying her SEB of $426.68 a month.
Around this time (January 10, 1992) Ms. Brown filed a "Rule for worker's compensation benefits" in her Fourth JDC lawsuit. She also began seeing a neurologist and rehabilitation specialist in Ruston, Dr. Dharam Gurwara, with complaints of both lower back and neck pain. She also resumed seeing Dr. Webb for neck and back complaints in April 1992, and continued to see him on a monthly-or-better basis.
The district court denied Ms. Brown's rule in January 1993, finding that it lacked subject matter jurisdiction over the claim.
Ms. Brown filed the instant Disputed Claim for Compensation, LDOL Form 1008, on January 18, 1993, seeking medical expenses and alleging that the "treating physician for Debra Brown * * * Dr. La Rocca, is no longer in practice." Big Star and its insurer filed an exception of res judicata, contending the matter had been settled by the prior stipulated judgment.
At the hearing in February 1994, Ms. Brown claimed medical expenses which the hearing officer summarized as totaling $4,107.08; most of these, it transpires, were bills for Dr. Webb's services and for drugs prescribed by him. Ms. Brown also claimed, however, additional diagnostic tests and a possible future surgery at the direction of Drs. Gurwara and Webb.
The hearing officer rejected Ms. Brown's claim, sustaining the exception of res judicata on grounds that "the requests of claimant were previously determined and the causes of action existing at the time of the final Judgment were extinguished and merged into the stipulated Judgment." See La.R.S. 13:4231. Ms. Brown took the instant devolutive appeal.

Discussion
The hearing officer retains continuing power and jurisdiction over each case, including the power to "make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified[.]" La.R.S. 23:1310.8A(1). The statute further provides:
Upon the application of any party in interest, on the ground of a change in conditions, the hearing officer may, after a contradictory hearing, review any award, and, on such review, make an award ending, diminishing, or increasing the compensation previously awarded[.] R.S. 23:1310.8 B.
The statute allows either party to apply to modify a judgment based on, among other things, an increase or decrease in the claimant's incapacity. Townsend v. PPG Industries Inc., 628 So.2d 1204 (La.App. 3d Cir.), writ denied 634 So.2d 852 (1993).
Prior to the creation of the OWC, district courts were also recognized as having broad power to modify prior judgments to accommodate changes in circumstances. See prior La.R.S. 23:1331 (repealed by La. Acts 1988, No. 938, § 3); Bordelon v. Vulcan Materials Co., 472 So.2d 5 (La.1985). Since the 1990 constitutional amendments, OWC hearing officers have exercised the same judicial power as did the district courts previously. See La. *581 Const. art. 5, §§ 10(A), 10(B), 16(A); Alexander v. Pellerin Marble & Granite, 93-1698 (La. 1/14/94), 630 So.2d 706.
Every pleading shall be so construed as to do substantial justice. La.C.C.P. art. 865. Thus a pleading styled an exception of prescription has been construed as an exception of res judicata, and a "joint motion to intervene and of joinder" has been interpreted as a refiling of the original petition. Bailey v. Cajun Insulation, 453 So.2d 237 (La.1984); Jackson v. Housing Authority of New Orleans, 478 So.2d 911 (La.App. 4th Cir.1985).
In the instant case the hearing officer may have been technically correct in finding that all causes of action existing at the time of the stipulated judgment and arising out of Ms. Brown's work-related accident were extinguished and merged into the judgment. R.S. 13:4231. This finding, however, does not end the hearing officer's duty to consider the evidence adduced when the claimant alleges a change in circumstances. R.S. 23:1310.8. Ms. Brown's disputed claim form clearly alleges a change in that her designated treating physician, Dr. La Rocca, has retired.[1] Even though the claim was not captioned as a petition to modify judgment, this was its obvious intent as it sought to designate a new physician and cover expenses incurred in connection with further treatment. The hearing officer committed legal error by not treating it as such. C.C.P. art. 865.
Ordinarily, when the record on appeal is complete, this court will review the evidence and render any judgment which is just, legal and proper. La.C.C.P. art. 2164. The instant record, however, poses certain evidentiary and credibility questions which the hearing officer has not yet addressed. Ms. Brown's primary complaint, from the date of the accident through her surgery with Dr. La Rocca, was cervical or upper back pain. The stipulated judgment recognized this, as the insurer agreed to cover Dr. La Rocca's operation and follow-up. Ms. Brown's more recent complaints, however, appear to be mainly of lumbar or lower back pain, which Dr. Billings diagnosed as degenerative. We note, however, that Ms. Brown did in fact lodge some complaints of lower back pain with Dr. Webb as early as April 22, 1987, and with Dr. Bailey on April 23, 1987. A proper resolution of whether Ms. Brown is entitled to additional medicals for lumbar disc disease may well depend on a weighing of conflicting expert evidence and an assessment of Ms. Brown's credibility. A proper resolution of her request for a new treating physician is also more suitable for the hearing officer. While the employee is entitled to select one treating physician in any field or specialty, La.R.S. 23:1121 B, Ms. Brown appears to have requested two, Dr. Webb and Dr. Gurwara (although the stipulated judgment makes it fairly apparent that the insurer would oppose Dr. Webb). On remand, the hearing officer is to consider this and any other evidence it finds relevant to Ms. Brown's claim for modification of judgment.
We also note that in her written reasons for judgment the hearing officer stated that both "treatment from and at the direction of Dr. Webb was clearly unauthorized and was in direct contradiction of the previously entered stipulated judgment." This does not correspond with the judgment, which relieves the insurer of liability for "any medical treatment or consultation rendered to Debra A. Brown by Dr. Webb after January 18, 1990." If on remand the hearing officer determines that Ms. Brown's current lumbar complaints are work-related, and further that ¶ 5 of the stipulated judgment should be retained, the hearing officer is directed to find that necessary medical treatments rendered by physician at Dr. Webb's referral are indeed compensable under the stipulated judgment.
For these reasons, the judgment of the hearing officer is reversed and the case remanded for further proceedings. Costs of the February 3, 1994 hearing and of this appeal are assessed to the defendants, Big Star of Bastrop and American Casualty Company.
REVERSED AND REMANDED.
NOTES
[1] The record also shows that Dr. La Rocca subsequently died.