IxSTEWART, J.
In this workers’ compensation action, Debra Brown appeals both the denial of her claims for certain medical expenses and travel expenses, as well as the denial of her motion to recuse the hearing officer, which Ms. Brown filed after the final ruling on the merits of her claim. We now affirm both the denial of the medical and travel expenses and the denial of the motion to recuse.
FACTS
The factual and procedural background of this case are set forth in Brown v. Big Star of Bastrop, 26,965 (La.App. 2nd Cir. 5/10/95), 655 So.2d 579, wherein Ms. Brown appealed the dismissal of her claim for medical expenses after the hearing officer sustained an exception of res judicata filed by Big Star and its insurer. We reversed the hearing officer’s ruling and remanded the matter for further proceedings to address certain evi-dentiary and credibility questions. We found that Ms. Brown’s petition alleged a change in circumstances in that her treating physician, Dr. La Rocca, had retired, and that the hearing officer erred in not treating Ms. Brown’s claim as a petition to modify judgment.[1] Issues for consideration on remand included Ms. Brown’s entitlement to medical expenses for lumbar disc disease, Ms. Brown’s request for a new treating physician, and the effect on Ms. Brown’s claim for medical expenses of that portion (¶ 5) of a stipulated judgment filed February 27, 1990, which relieves the insurer from liability for “any medical treatment or consultation rendered to Debra A. Brown by Dr. Webb after January 18, 1990.”
After remand and a number of continuances, an evidentiary hearing took place on March 13, 1997. In a ruling rendered on July 1, 1997, the hearing officer ordered Big Star and its insurer to pay all of Ms. Brown’s medical and pharmacy 12expenses from treatment by Dr. Charles Billings and Dr. Dhar-am P. Gurwara for lumbar complaints, as *543 sessed a penalty for untimely approval of an MRI procedure, and awarded Ms. Brown attorney fees of $1,000. The hearing officer denied Ms. Brown’s claim for medical and travel expenses from treatment by Dr. George Webb at Mer Rouge Medical Clinic and denied Ms. Brown’s claim for indemnity benefits.
Following this ruling, Ms. Brown filed a pleading styled “Motion For Superintendent Control,” which the Office of Workers’ Compensation correctly treated as a motion for a devolutive appeal. On September 5, 1997, Ms. Brown filed a pleading styled “Motion To Impeach Hearing Officer,” which the hearing officer treated as a motion to recuse and denied the motion. A dispute also arose concerning Ms. Brown’s status to proceed in forma pauperis on appeal. On December 18, 1997, we granted a supervisory writ on an application by Ms. Brown. We restored Ms. Brown’s pauper status; we declined to resolve the recusal issue since the motion to recuse was not made until after appeal of the final judgment; and we ordered Ms. Brown to confirm her desire to appeal.
Thereafter, Ms. Brown filed additional motions, including another motion to “impeach” the hearing officer, a motion to have her husband represent her in further proceedings, and a motion for default judgment against the hearing officer for her failure to answer interrogatories. After a contradictory hearing, the chief hearing officer of the Office of Workers’ Compensation, Mark Zimmerman, denied the motion to recuse. Ms. Brown’s appeal followed.
DENIAL OF MEDICAL AND TRAVEL EXPENSES
Ms. Brown appeals the denial of medical expenses incurred from treatment by Dr. George Webb at Mer Rouge Medical Clinic. The hearing officer denied | gthis claim on the basis of a provision (¶ 5) in the February 20, 1990 stipulated judgment providing as follows:
DEBRA A. BROWN agrees to cease medical treatment under Dr. George Wyatt Webb at Mer Rouge Medical Clinic, and further, DEBRA A. BROWN agrees that [the insurer] will no longer be responsible for any payments for any medical treatment or consultation rendered to DEBRA A. BROWN by Dr. Webb after January 18,1990.
Despite this stipulation, Ms. Brown sought treatment from Dr. Webb, her family physician, in 1992 after Dr. La Rocca, Ms. Brown’s treating physician as per the stipulated judgment, was no longer available.
In Brown v. Big Star of Bastrop, supra, we noted that the hearing officer may have been technically correct in sustaining the exception of res judicata filed by Big Star, but we determined that the hearing officer had a duty to consider evidence when a claimant alleges a change in circumstances. In this instance, the alleged change in circumstances was the retirement, and subsequent death, of Dr. La Rocca. While this change in circumstances necessitates the selection of a new treating physician by Ms. Brown as per La. R.S. 23:1121, it does not require payment of medical expenses incurred by Ms. Brown after she agreed, in a stipulated judgment, to cease medical treatment by Dr. Webb and agreed that Big Star’s insurer would no longer be liable for such treatment provided after January 18,1990.
The record indicates that Ms. Brown made a unilateral decision to seek treatment from Dr. Webb and that she did so knowing that she previously agreed to cease treatment by Dr. Webb and that she agreed Big Star’s insurer would no longer be liable for expenses associated with such treatment. At the time Ms. Brown agreed to the stipulated judgment, she was represented by competent counsel. The record further indicates that in 1994, Ms. Brown chose Dr. Charles | .¿Billings, rather than Dr. Webb, as her treating physician in compliance with La. R.S. 23:1121. Under these circumstances, we find no error in the hearing officer’s denial of Ms. Brown’s claim for medical expenses from treatment by Dr. Webb.
Ms. Brown also appeals the denial of her claim for reimbursement of travel expenses incurred in obtaining medical treatment. The hearing officer denied this claim on the basis that no evidence was presented *544 to support the claim. Relevant to this claim is La. R.S. 23:1203(D) which provides in part:
(T)he employer shall be liable for the actual expenses reasonably and necessarily incurred by the employee for mileage reasonably and necessarily traveled by the employee in order to obtain the services, medicines, and prosthetic devices which the employer is required to furnish under this Section.
Here, our review of the record reveals no evidence to support Ms. Brown’s claim for travel expenses. Neither testimony nor documentary evidence pertaining to travel expenses was provided at the hearing. Therefore, the hearing officer correctly denied this claim. See Gentile v. Baton Rouge General Medical Center, 95-0348 (La.App. 1st Cir. 11/9/95), 665 So.2d 422; Lemoine v. Hessmer Nursing Home, 94-836 (La.App. 3rd Cir. 3/1/95), 651 So.2d 444.
DENIAL OF THE MOTION TO RECUSE
Ms. Brown sets forth two assignments of error regarding the denial of her motion to recuse the hearing officer. First, Ms. Brown asserts that the hearing officer sought to be recused improperly participated in her case after being instructed by this court to refer further matters to another hearing officer. This assertion is based upon instructions provided in the writ granted December 18, 1997, in which we advised that, in the event further proceedings before a hearing officer became necessary, the hearing officer against whom the motion to recuse was filed should either recuse herself or refer the matter to another hearing officer. | gOur review of the record indicates that our instructions were followed. The hearing officer who was the subject of the motion to recuse did not sign any orders pertaining to motions filed by Ms. Brown after the writ. When Ms. Brown filed the motion to recuse again in January 1998, the matter was referred to the chief hearing officer for a contradictory hearing and subsequently denied. This assignment of error lacks merit.
Second, Ms. Brown asserts that it was error for the hearing officer to allow counsel for Big Star and its insurer to participate in the recusal hearing when counsel was under subpoena. The defense counsel was not called as a witness by Ms. Brown, and the defense counsel had a strong interest on behalf of her clients in challenging Ms. Brown’s recusal efforts. This assignment of error also lacks merit.
We note that Ms. Brown did not file a motion to recuse until after a final ruling on the merits in this matter. La. C.C.P. art. 154 requires filing of a motion to recuse prior to trial or, at the latest, prior to judgment. Recusal, after the fact, would serve no purpose. Maxie v. Gines, 95-986 (La.App. 3rd Cir. 1/31/96), 670 So.2d 344, writ denied, 96-0560 (La.5/10/96), 672 So.2d 921; In the Matter of Anderson, 496 So.2d 568 (La.App. 1st Cir.1986). We find no error in the denial of the motion to recuse.
CONCLUSION
For the reasons discussed, we affirm the hearing officer’s judgment on the merits of Ms. Brown’s claim and the denial of her motion to recuse the hearing officer. Costs of this appeal are assessed against Ms. Brown.
AFFIRMED.

. The record further indicated that Dr. La Rocca subsequently died.