NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-926

RODNEY BONNER JR. AND LORI BONNER

VERSUS

ROBERT FOREMAN

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 99-6298
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

CONTRACT REFORMED;
CONVEYANCE RECORDS ORDERED CORRECTED.

David F. Dwight
Attorney at Law
1400 Ryan St.
Lake Charles, LA 70601
Counsel for Plaintiffs/Appellees:
    Rodney Bonner Jr.
    Lori Bonner

R. Michael McHale Jr.
Attorney at Law
631 Kirby Street
Lake Charles, LA 70601
Counsel for Defendant/Appellant:
     Robert Foreman

**Pickett, Judge.**

The defendant, Robert Foreman, appeals a judgment of the trial court denying his motion to amend a judgment rendered by the trial court on April 9, 2002, in favor of the plaintiffs, Lori and Rodney Bonner Jr. We reform the contract of sale to reflect the true intent of the parties and order the Clerk of Court to correct the property description in the conveyance records of the parish to accurately describe the 2½ acres the vendor intended to sell and the vendees intended to purchase.

## FACTS

The plaintiffs and the defendant entered into a lease-purchase agreement in the fall of 1997. The lease stated that it began on November 15, 1996, ran for a period of 36 months and cover the following described parcel of property:

> Commencing at a point 662 feet East of the Northwest Corner of the Northeast quarter of the Northwest quarter (NE/4 of NW/4) of Section 12, Township 8, Range 8, thence South 640 Feet, Thence East 331.4 Feet, Thence North 640 Feet, Thence West 331.4 Feet to a point of commencement.

No one noticed, at that time or for sometime thereafter, that the property description was in error, in that it omitted the words "The South Half of the following property:" from the description and actually described the whole of the five acre tract instead of the south 2½ acres which the plaintiffs sought to lease/purchase and the defendant sought to lease/sell.

The lease further provided that the first 36 monthly payment would be waived in consideration of the lessee "pay[ing] for and install[ing] a septic tank, light pole, water line and road to the home located on the property." The agreement also granted the lessees a ten foot right-of-way on the east side of the property for access to the home located on the land and gave the lessees the right to purchase the leased

1

property on or before November 15, 1999, for the fair market value "to be determined by a qualified appraiser to be chosen by the Lessees-vendees."[1]

The plaintiffs, wishing to exercise their option to buy, hired an appraiser who set the value of the property at $4,000.00 per acre or $10,000.00. The defendant was unhappy with this appraisal and hired his own appraiser who valued the property the property at $8,000.00 per acre or $20,000.00. The dispute over the value of the land lead to the plaintiffs/lessees filing a "Petition For Specific Performance Of Contract To Sell Immovable." This appeal arises out of that suit.

The suit also described the property as recited above. As a result of the plaintiffs' petition, the parties entered into a stipulated judgment, signed October 15, 2001, ordering the defendant to execute a deed conveying the property to the plaintiffs for the sum of $13,250.00. The property description in the stipulated judgment was once again the same as recited above, i.e., erroneous.

When the defendant failed to comply with the judgment signed on October 15, 2001, the plaintiffs filed a rule for contempt, seeking to have the court enforce its judgment. The rule for contempt also used the erroneous property description. A judgment in favor of the plaintiffs on the rule for contempt was signed on June 7, 2002, and recorded in the Clerk of Court's conveyance records of Calcasieu Parish in Book 2949, Page 214, on that same day.

It wasn't until May 13, 2005, that the defendant filed his Motion To Amend Judgment, seeking to have the description of the property change to read (emphasis ours):

---

[1]NOTE: At the time the lease was confected, Robert Foreman was married to Eva Marie Leger; both signed the lease. The Foremans were divorced April 6, 1998, and the ex-Mrs. Foreman conveyed her ½ interest in the property at issue to Mr. Foreman.

2

*The South Half of the following property*:
Commencing at a point 662 feet East of the Northwest Corner of the Northeast quarter of the Northwest quarter (NE/4 of NW/4) of Section 12, Township 8, Range 8, thence South 640 Feet, Thence East 331.4 Feet, Thence North 640 Feet, Thence West 331.4 Feet to a point of commencement.

In rendering oral reasons for judgment, the trial court stated that although it was sympathetic to the defendant-mover, Mr. Foreman, its hands were tied—it could not alter the substance of the judgment via a motion to amend and Mr. Foreman had just waited to long to seek relief. This appeal followed.

## LAW AND DISCUSSION

In *Taylor v. Hixson Autoplex of Alexandria, Inc.*, 00-1096, pp. 4-6 (La.App. 3 Cir. 3/28/01), 781 So.2d 1282, 1285-86, *writ not considered*, 01-1539 (La. 9/14/01), 796 So.2d 670, *cert. denied*, 535 U.S. 1101, 122 S.Ct. 2303 (2002) (emphasis ours), this court explained:

> The first rule of construction of the Code of Civil Procedure is Article 5051. It requires that the articles of the Code be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves. The Code also tells us that when we are construing pleadings in an ordinary proceeding, "Every pleading shall be so construed as to do substantial justice." La.Code Civ.P. art. 865. . . . . The rule of construction applicable to the relief we grant under the pleadings, Louisiana Code of Civil Procedure Article 862, states: "Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief." (The exception, Louisiana Code of Civil Procedure Article 1703, limits the scope of a judgment that may be rendered in a judgment by default.) *The enactors of the Code, to emphasize our duty to heed these rules at the appellate level, require us to render any judgment which is just, legal, and proper upon the record on appeal.* La.Code Civ.P. art. 2164.

> We should construe pleadings expansively, according to our supreme court, and heed Article 865's command to construe all pleadings so as to do substantial justice. *McClelland v. State Nat. Life*

*Ins.*, 94-2123 (La.11/18/94); 646 So.2d 309. As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence; the "theory of the case" doctrine, under which a party must select a theory of his case or defense and adhere to it throughout the litigation, has been abolished. *First South Prod. Credit v. Georgia-Pacific*, 585 So.2d 545 (La.1991). Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. *Kuebler v. Martin*, 578 So.2d 113 (La.1991).

All five intermediate appellate courts in Louisiana have recognized and applied these rules of construction. Recovery may be granted under any legal theory justified by the facts pled in the petition. *Insurance Storage Pool v. Parish Nat. Bank*, 97-2757 (La.App. 1 Cir. 5/14/99); 732 So.2d 815. Pursuant to the mandate of Article 865, the third circuit has construed a motion to modify a judgment as a motion for a new trial. *Town of Vinton v. Sonnier*, 98-676 (La.App. 3 Cir. 10/28/98); 721 So.2d 992; *writ denied*, 98-2972 (La.1/29/99); 736 So.2d 836; *Watson v. Nelson*, 97-474 (La.App. 3 Cir. 10/29/97); 702 So.2d 1002, *writ denied*, 97-2958 (La.2/6/98); 709 So.2d 738. No technical form of pleading is required, and all pleadings must be reasonably construed so as to afford litigants their day in court. *Humphrey v. Robertson*, 97-1742 (La.App. 4 Cir. 3/11/98); 709 So.2d 333. In *Brown v. Big Star of Bastrop*, 26,965 (La.App. 2 Cir. 5/10/95); 655 So.2d 579, *appeal after remand*, 31,530 (La.App. 2 Cir. 1/29/99); 728 So.2d 541, a disputed claim for compensation was treated as a petition to modify judgment. The precise theory of the case need not be expressed in the pleadings; recovery may be granted under any legal theory justified by the facts pled in the petition. *Gisclair v. Matmoor, Inc.*, 537 So.2d 876 (La.App. 5 Cir.), *writ denied*, 541 So.2d 901 (La.1989).

In his "Motion to Amend Judgment," the defendant points out the error in the property description which led to this appeal. The plaintiffs' Exhibit #4, the appraisal on which they relied in their Petition For Specific Performance Of Contract To Sell Immovable recites the property description correctly, describing a 2½ acre tract of land. Hence, the plaintiffs knew that the sale which they asked the court to order was one involving 2½ acres. Additionally, the testimony at the hearing on the original petition confirms that both the plaintiffs and the defendant bargained for and believed that were bargaining for a 2½ acre tract. What the judgment of the trial court did was

4

to order the defendant to comply with the lease-purchase agreement entered into in 1997.

We agree that it is too late for the defendant to attack the *judgment*, however, under the law and jurisprudence cited in *Taylor v. Hixson Autoplex of Alexandria, Inc.*, 781 So.2d 1282, we find his motion to amend is an improperly titled action for reformation of a deed, a personal action subject to a liberative prescription of ten years under the terms of La.Civ.Code art. 3499. The defendant testified that he became aware of the error in the property description shortly after the original judgment was signed on October 15, 2001. He filed his motion to amend on May 11, 2005, well within the ten year period allowed by La.Civ.Code art. 3499.

In *M.R. Bldg. Corp. v. Bayou Utilities, Inc.*, 25,759, p. 2 (La.App. 2 Cir. 5/4/94), 637 So.2d 614, 616, our colleagues of the second circuit noted:

> A written agreement may be reformed against the original parties and their privies to correct an error or mistake in the contract, so as to make it accurately express the true intent and agreement of the parties, provided that the rights of third parties have not intervened. This includes the right to correct inaccurate legal descriptions contained in real estate contracts. It is a personal action, even when applied to real estate, in which the burden of proof is on the one seeking reformation to establish the mutual error and mistake by clear and convincing proof, parol evidence being admissible for this purpose. *Mitchell v. Clark*, 448 So.2d 681 (La.1984); *Agurs v. Holt*, 232 La. 1026, 95 So.2d 644 (La.1957); *Succession of Jones v. Jones*, 486 So.2d 1124 (La.App. 2d Cir.1986), *writ denied*; *Greer v. State*, 616 So.2d 811 (La.App. 2d Cir.1993); *First State Bank & Trust Co. v. Seven Gables*, 501 So.2d 280 (La.App. 1st Cir.1986), *writ denied*[, 502 So.2d 103 (La.1987)].
>
> The most commonly used ground for reformation is mutual mistake of the parties. A mutual mistake is a mistake shared by both parties to the instrument at the time of reducing their agreement to writing, and the mistake is mutual if the contract has been written in terms which violate the understanding of both parties; that is, if it appears that both have done what neither intended. *Greer*, supra; *Succession of Jones*, supra.

5

In the case sub judice, the record makes it clear that the parties bargained for a 2½ acre tract of land. Both sides obtained appraisals for a 2½ acre tract and the trial court set a price for the sale of 2½ acres. The parties are all well aware of the erroneous property description and further, they are aware that the object of the contract was 2½ acres of land, not the five acres in the erroneous description. Hence we find: (1) there was an error in the legal description in the contract and (2) that plaintiff established his right to a reformation of the contract to correct the inaccurate description contained therein.

Accordingly, for the reason set forth above, the contract of sale of the property described as the following:

> Commencing at a point 662 feet East of the Northwest Corner of the Northeast quarter of the Northwest quarter (NE/4 of NW/4) of Section 12, Township 8, Range 8, thence South 640 Feet, Thence East 331.4 Feet, Thence North 640 Feet, Thence West 331.4 Feet to a point of commencement.

from the defendant, Robert Foreman, to the plaintiffs, Lori and Rodney Bonner Jr., is reformed to read (emphasis added):

> *The South Half of the following property*:
> Commencing at a point 662 feet East of the Northwest Corner of the Northeast quarter of the Northwest quarter (NE/4 of NW/4) of Section 12, Township 8, Range 8, thence South 640 Feet, Thence East 331.4 Feet, Thence North 640 Feet, Thence West 331.4 Feet to a point of commencement.

The Clerk of Court of Calcasieu Parish is ordered to correct the entries in the Conveyance Records of the Parish at Book Number 2909, Pages 724 and 725, in Book 2949, Page 214, any other entries which purport to transfer the title of said property from the defendant, Robert Foreman, to the plaintiffs, Lori and Rodney

6

Bonner Jr. to reflect the correct description of the property as recited above.  All costs of this appeal are assessed against the plaintiffs, Lori and Rodney Bonner Jr.

**CONTRACT REFORMED; CONVEYANCE RECORDS ORDERED CORRECTED.**