STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 08-36


ANTHONY JOSEPH CANNATA

VERSUS

RODNEY BONNER, JR., ET UX.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2007-812
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and J. David Painter, Judges.


**AFFIRMED.**

**David Frank Dwight**
**1400 Ryan Street**
**Lake Charles, LA 70601**
**(337) 439-3138**
**Counsel for Plaintiff/Appellant:**
**Anthony Joseph Cannata**

**Robert Michael McHale, Jr.**
**631 Kirby Street**
**Lake Charles, LA 70601**
**(337) 990-0093**
**Counsel for Defendant/Appellee:**
**Robert Foreman**

**EZELL, JUDGE**.

Anthony Cannata appeals a trial court judgment granting a permanent injunction in favor Robert Foreman which enjoined the Sheriff of Calcasieu Parish from selling property pursuant to executory process proceedings started by Mr. Cannata. The trial court granted the permanent injunction finding that the north half of the property was owned by Mr. Foreman and not Lori and Rodney Bonner who had executed a mortgage on both the north and south halves of the property in favor of Mr. Cannata.

## FACTS

In 1999, the Bonners filed a petition seeking to enforce an agreement to sell immovable property in a lease-purchase agreement they had entered into with Mr. Foreman. On October 15, 2001, a stipulated judgment was entered into ordering Mr. Foreman to execute a deed conveying the property to the Bonners for the sum of $13,250. Mr. Foreman refused to comply with the stipulated judgment, so the Bonners filed a rule for contempt. Judgment was signed on June 7, 2002, declaring them owners of the property.

On May 11, 2005, Mr. Foreman filed a motion to amend judgment. He sought to amend the judgment declaring the Bonners the owners of the following described property:

> Commencing at a point 662 feet East of the Northwest Corner of the Northeast quarter of the Northwest quarter of Section 12, Township 8, Range 8, thence South 640 feet, thence East 331.4 feet, thence North 640 feet, thence West 331.4 feet to a point of commencement.

Mr. Foreman claimed that the property description should have declared that it was the **south half** of the above described property. He argued that he never intended to sell the **north half** and that the Bonners only intended to buy the south half. Apparently, this mistake began with the lease-purchase agreement and

1

continued to be copied in other documents  The trial court denied the motion to amend as untimely.

Mr. Foreman suspensively appealed the decision to this court.  This court agreed that it was too late to attack to the judgment.  However, we found that his motion to amend was in the nature of an action for reformation of a deed which has a prescriptive period of ten years pursuant to La.Civ.Code art. 3499.  Finding that all parties were well aware of the erroneous description, this court ordered that the description of the property be reformed to reflect that only the south half of the property described was sold to the Bonners.  In an unpublished opinion, judgment was rendered by this court on December 6, 2006.

Between the judgment of the trial court and this court's judgment, while the appeal was pending, the Bonners executed a bearer mortgage on July 14, 2006, covering both the south and north halves of entire property.  On February 14, 2007, two months after judgment of this court, Mr. Cannata filed a petition for executory process on the property based on the ownership claim because the mortgage provided that it became due if there was the institution of any legal proceedings to enforce a mortgage, lien, privilege, or claim against the property.

Mr. Foreman filed a petition for injunction as owner of the north half of the property. On April 18, 2007, a temporary restraining order was issued restraining the sheriff from proceeding with the sale set for April 25, 2007.  Mr. Cannata filed a motion to dissolve the temporary restraining order which was granted on April 25, 2007.

A hearing was held on June 25, 2007.  The trial court granted a permanent injunction enjoining the sale of the north half of the property.  The trial court ruled that the sale of the south half of the property could proceed.  Judgment was signed on

2

July 18, 2007. Mr. Cannata appealed the judgment.

## DISCUSSION

Mr. Cannata argues that the trial court erred in recognizing Mr. Foreman as owner of the property in a summary proceeding. He further claims that executory process against the property should be allowed to proceed since there was no challenge to the validity of the note and mortgage.

Pursuant to Louisiana Code of Civil Procedure Article 1092, a person claiming ownership of property seized may intervene and seek injunctive relief, as Mr. Foreman did. At the time of Mr. Foreman's intervention, ownership had been determined by this court. The trial court did not decide the issue of ownership as claimed by Mr. Cannata; it only recognized what had already been determined. As a matter of fact, it was the decision of this court that prompted Mr. Cannata to seize the property under the terms of the mortgage.

Mr. Cannata claims that he has a valid note and mortgage over both halves of the property. Relying on the public records doctrine, he claims that he is an innocent third party whose rights could not be affected by the pending litigation over ownership. Mr. Cannata points out that when the note and mortgage were executed, the Bonners had a trial court judgment which recognized them as owners of both halves of the property.

We agree with Mr. Cannata that a description of property can be reformed to reflect the intent of the parties as long as the rights of innocent third parties have not intervened. *W.B. Thompson & Co. v. McNair*, 199 La. 918, 7 So.2d 184 (1942); *Marsh Cattle Farms v. Vining*, 30,156 (La.App. 2 Cir. 1/23/98), 707 So.2d 111, *writ denied*, 98-478 (La. 4/24/98), 717 So.2d 1167; *M.R. Bldg. Corp. v. Bayou Utils., Inc.*, 25,759 (La.App. 2 Cir. 5/4/94), 637 So.2d 614. However, for the following reasons,

3

we find that Mr. Cannata was not an innocent third party.

The Bonners did receive judgment in the trial court which designated them as owners of both the north and south halves of the land. Mr. Foreman suspensively appealed the judgment. Therefore, the appeal suspended the operation of the judgment. *Hollingsworth v. City of Minden*, 01-2658 (La. 6/21/02), 828 So.2d 514; *Wetherbee v. Lodwick Lumber Co., Inc.*, 194 La. 352, 193 So. 671 (1940). We do note that a lis pendens was not filed pursuant to Louisiana Code of Civil Procedure Article 3751. Filing a notice of lis pendens would have definitely put any third party on notice that there was pending litigation affecting title to the property, and the outcome of the litigation would be binding on the third party. *Campbell v. Melton*, 01-2578 (La. 5/14/02), 817 So.2d 69.

Regardless, at the hearing it was revealed that counsel for Mr. Cannata had also represented the Bonners in their dispute as to ownership of the property. The mortgage and note between the Bonners and Mr. Cannata was also executed in the same attorney's office.

Notice or knowledge of an agent, while the agency or relationship exists and while the agent is acting within the scope of his authority, is notice and knowledge to his principal. *Marpco, Inc. v. South States Pipe & Supply*, 377 So.2d 525 (La.App. 3 Cir. 1979). Therefore, Mr. Cannata's counsel's knowledge of the pending lawsuit affecting ownership of the property constituted actual knowledge on Mr. Cannata's behalf when Mr. Cannata entered into the mortgage at the attorney's office. *Id*.; *Smart Document Solutions, LLC v. Miller*, 07-670 (La.App. 3 Cir. 10/31/07), 970 So.2d 49, *writ denied*, 08-210 (La. 3/28/08), _____ So.2d _____; *Bell v. Demax Mgt. Inc.*, 01-692 (La.App. 4 Cir. 7/24/02), 824 So.2d 490. A lis pendens is not necessary when the third person has actual notice of the pending litigation. *Richardson Oil Co.*

4

*v. Herndon*, 157 La. 211, 102 So. 310 (1924).

We find that the trial court was correct in granting a permanent injunction. Mr. Foreman was declared owner of the north half of the property by this court in its previous decision. Mr. Cannata had knowledge that there was litigation affecting title to this property when he entered into the note and mortgage with the Bonners. Therefore, Mr. Foreman was entitled to a permanent injunction to prevent the sale of the north half of the property he owned.

The judgment of the trial court is affirmed. Costs of this appeal are assessed to Anthony Cannata.

**AFFIRMED.**